WILLIAM STARLING v. STATE OF MISSISSIPPI.

[43 South., 952.]

1. CRIMINAL LAW AND PROCEDURE. *Indictment. Conclusion. Constitutional law. Constitution* 1890, *sec.* 169.

An indictment concluding, as required by Constitution 1890, sec. 169, "against the peace and dignity of the state," is properly concluded, although it contains two or more counts and the quoted words do not follow each count.

2. SAME. *Last count bad.*

In such case if the last count of the indictment be held bad on demurrer the conclusion remains and is applicable to each preceding count.

3. SAME. *Bill of particulars. Right to demand.*

A party will not be obliged to furnish facts already known to his adversary, nor will a bill of particulars be ordered when the means of obtaining the facts are equally accessible to both parties.

4. SAME. *Election of offenses by state. Code* 1892, § 1058.

Code 1892, § 1058, making an officer of an incorporated company who shall "embezzle or fraudulently secrete, conceal or convert to his own use, or make way with or secrete with intent to embezzle or convert to his own use," any property of the company which shall have been intrusted to his possession by virtue of his office, guilty of embezzlement, states the different forms of embezzlement; and the state, on a trial of an indictment under the statute, may prove as many of the different acts of embezzlement as it is able to do, and all of the proof may be submitted to the jury, without requiring the state to elect any single act on which it will rely for a conviction.

5. SAME. *Appeal. Harmless error.*

Where, on a trial for embezzlement in violation of Code 1892, § 1058, making an officer of an incorporated company, who shall embezzle or fraudulently secrete, conceal, or convert to his own use the goods of the company, guilty of embezzlement, it appeared clearly that accused was guilty of every act of embezzlement shown by the testimony, the error, if any, in refusing to require the state to elect on which act it would rely for a conviction, is not reversible.

FROM the circuit court of Washington county.

HON. SIDNEY M. SMITH, Judge.

Starling, the appellant, was indicted, tried and convicted of embezzlement and appealed to the supreme court.

An indictment for forgery against the defendant growing out of the same transactions was adjudged bad and the state appealed to the supreme court. That case is reported, see case, *State* v. *Starling,* next preceding this one in this volume.

The facts touching the points in controversy sufficiently appear from the opinion of the court.

*R. B. Campbell, J. H. Wynn,* and *Shields & Boddie,* for appellant.

1. Failure of the indictment to conclude with the words "against the peace and dignity of the state" as required by the constitution was fatal. Constitution 1890, sec. 169; *Love* v. *State,* 8 South., 465; *State* v. *Morgan,* 79 Miss., 65, 31 South., 338; *Miller* v. *State,* 81 Miss., 162, 32 South., 951; 22 Cyc., 234; 10 Ency. Pl. & Pr., 441.

2. Each count in the indictment should have so concluded. 10 Ency. Pl. & Pr., 444; 22 Cyc., 249; *Williams* v. *State,* 1 S. W., 149, and 70 S. W., 933.

3. Failure to so conclude was not amendable without the consent of the grand jury. Constitution 1890, sec. 27; *Cox* v. *State,* 8 Tex. Ct. App., 254; *Ex parte Bain,* 121 U. S., 1; in 22 Cyc., 251, the cases of *Cain* v. *State,* 4 Blackf.; *Com.* v. *Hoxey,* 16 Mass., *State* v. *Minford,* 64 N. J. L. and *State* v. *Amidon,* 58 Vt., are cited as holding that failure to so conclude in an indictment is amendable; but the first mentioned of these cases allowed the amendment with the consent of the grand jury, which, according to the practice of that state, gave its consent upon returning indictments, that any formal amendment therein might be made, and that case is obnoxious to appellant's view, only so far as it holds that such a defect is formal, and not of substance. *Com.* v. *State,* 16 Mass., does

not touch upon the question here involved, and in *State* v. *Minford,* 64 N. J. L., deciding such a defect to be one of form, and amendable under the statute of that state, it also appears that the grand jury had consented to the amendment. In *Frisbie* v. *United States,* 157 U. S., 160, the failure of the indictment to so conclude was held to be a formal defect, that was cured by an act of congress providing that such defects should not render an indictment insufficient, nor affect the trial thereunder; but that case did not involve any constitutional question, as the constitution of the United States does not require an indictment to conclude in any particular way.

The only case that holds the question under discussion adverse to appellant is the case of *State* v. *Amidon,* 58 Vt., and as opposed to that case is the case of *Cox* v. *State,* 8 Tex. Court of Appeals, *ubi supra,* wherein that court says that the conclusion of an indictment, being prescribed by the organic law, is a matter of substance as well as of form.

As the failure of the indictment to conclude as required by the constitution may be raised at any stage of the proceedings, even for the first time, on appeal, and, whenever raised, will be fatal to it, it must be of substance. How can it be otherwise since it is required by the organic law of the state, and has been in every constitution that our state has had?

It is clear that § 1351, Code 1892, does not cure the defect, and, if not a formal defect within that section, how can it be said to be covered by Code 1892, § 1355? If not a formal defect, within the meaning of the first of these sections, it should not be considered such within the meaning of the other section and, if not covered by these sections, there is no other section of the code, that authorizes an amendment of an indictment as to the conclusion required by the constitution.

3. If the indictment was amendable in that regard it should have been actually amended, and spreading the amendment in the minutes of the court was not sufficient. *State* v. *Miller,* 53 Miss.

Code 1892, § 1436, does not relate to such an amendment. That section of the code refers alone, as its language shows, only to the section which immediately precedes it, covering amendment necessitated by a variance between the indictment and proof, and was passed to meet the case of *State* v. *Miller,* 53 Miss., as to that character of amendment. Without legislation authorizing the amendment, even if such legislation be admissible, which appellant denies, the amendment could not be effected, without the consent of the grand jury. If the court orders such an amendment, and fails to have the indictment so changed as to conclude as required by the constitution, the constitution is still violated, because it requires that the indictment shall so conclude. The constitution does not say that the minutes of the court shall so conclude.

4. The indictment is too uncertain, since it charges that the embezzlement was of "a balance of account."

True, it conforms, in that particular, with Code 1892, § 1364, but that section in that particular is unconstitutional. Legislation authorizing such general description of property as mentioned in the first clause of that section has been sustained but that is as far as the courts have gone. No reported case has been found that upholds such general description as is authorized by the last clause of that section, describing the property embezzled as "a balance of account." If that legislation be upheld as constitutional, and the indictment be sustained in that particular, then unquestionably the appellant's motion for a bill of particulars should have been sustained; and, since it was not, the appellant was denied his constitutional right to demand the nature and cause of the accusation against him. *State* v. *Hanaw,* 65 N. W., 231; *Thalheim* v. *State,* 38 Fla., 169; *Rosen* v. *United States,* 161 U. S., 29; *State* v. *Hodson,* 66 Vt. 134; *People* v. *McKinney,* 10 Mich., 54; 1 Wharton's Crim. Law, sec. 1048. Besides the indictment charges that appellant had in his care or possession, as agent of the bank "a balance of account" of the value of $72,000, which "sum of

money" or "balance of account" he did embezzle. The thing embezzled was broader than the thing alleged to have been in his care and possession. Which did he embezzle, money or balance of account?

5. The first and sixth instructions given for the state were manifestly wrong and were not cured by any instruction for appellant.

The indictment charges appellant with embezzlement, pure and simple. Fraudulent concealment or secreting of property by an agent is a distinct offense under our statute. Fraudulent conversion by an agent to his own use is likewise a separate and distinct offense; and so is embezzlement which is the fraudulent conversion by the agent to his own use of property in violation of his trust. If fraudulent concealment (without conversion) be a distinct offense under the statute then in these instructions for the state the court authorizes the jury to convict appellant of an offense with which he was not charged. The court virtually told the jury that although the appellant was charged simply with embezzlement, and although under the statute fraudulent concealment of property in violation of his trust was a distinct crime, still if they believe from the evidence that he either fraudulently concealed, or secreted, or converted to his own use the property they should convict him.

*George Butler,* assistant attorney-general, for appellee.

While it is true that by sec. 169 of our constitution all indictments are required to be concluded "against the peace and dignity of the state" and our court in the cases of *Love* v. *State,* 8 South., 465; *State* v. *Morgan,* 79 Miss., 659, 31 South., 338; *Miller* v. *State,* 81 Miss., 162, 32 South., 951, has construed this provision to extend to and include prosecutions based on affidavits or informations, thereby making such informations of equal dignity with the indictment, and that it is a well established and recognized rule that each count of an indictment

must be complete within itself, still this rule refers to matters of substance; that is, the findings of the grand jury which make up and constitute the offense charged, and not the mere legal conclusions deducible therefrom, and formal requisites which may be required by an ancient rule of pleadings or a constitutional provision. It is true that it is stated in 22 Cyc., 249, that by the weight of authority where there are several counts in an indictment, each should conclude with the formal conclusion "against the peace, etc.," yet, upon investigation, it will be seen that the text is neither supported by the larger number of decisions nor the better reasoned cases.

The supreme court of Tennessee in the case of *Rice* v. *State,* 3 Heisk., 215, holds that it is imperative that all indictments conclude "against the peace and dignity of the state" but that it is sufficient if the whole indictment has this formal conclusion. It is said in that case: "It is held that each count in an indictment must be a complete indictment in itself. This, we think, refers to the description of the offense and not to the formal conclusion." The constitution of Alabama requires that all indictments shall conclude "against the peace and dignity of the State of Alabama" and that court held in the case of *McGuire* v. *State,* 37 Ala., 161, that it was not necessary that each count should so conclude. In Texas, which has a similar constitutional provision to that of Mississippi, it has been held that it is not necessary that each count contained in an indictment should conclude "against the peace and dignity of the state" but only that the indictment or information as a whole should so conclude. *Alexander* v. *State,* 27 Tex. Ct. App., 533; *West* v. *State,* 27 Tex. Ct. App., 472; *McFarland* v. *State,* 8 Tex. Ct. App., 472. And this, notwithstanding that court has decided that an indictment which does not conform strictly to the constitutional provision is invalid. *Cox* v. *State,* 8 Tex. Ct. App., 254, 34 Am. Rep., 746; *Haun* v. *State,* 13 Tex. Ct. App., 383, 34 Am. Rep., 706; *State* v. *Thompson,* 51 La. Ann., 1089; *Scott* v. *State,* 48 La. Ann.,

293; *State* v. *Travis,* 39 La. Ann., 356; *Olendorf* v. *State,* 64 Ohio St. Rep., 118; *Nichols* v. *State,* 35 Wis., 308; *State* v. *Beatty,* 61 N. C., 52; *Bollin* v. *State,* 51 Neb., 581; *State* v. *Amidon,* 58 Vt., 524; *State* v. *Mitford,* 64 N. J. L., 520.

*R. N.* and *H. B. Miller,* on same side.

The prosecution could not know and could not inquire into the details of the evidence before the grand jury. It is sufficient to say of the indictment that the statute, § 1436, Code of 1906 (§ 1364, Code of 1892), authorized the funds embezzled by a treasurer, cashier or other fiduciary to be described as a "balance of account" and "of a certain value." The defendant cannot show that the offense for which he is on trial was not that contemplated by the grand jury. 22 Cyc., 205 and 207, note 24.

The instructions for the state are practically without criticism in the brief of counsel for appellant, and are really correct and impossible of legitimate criticism. All the charges asked by the appellant which should have been given were given, in effect.

As to the suggestion that the word "fraudulently" being left out of the indictment and the claim that it ought to be in, we say that counsel for appellant is mistaken and particularly in quoting, *State* v. *Broughton,* 71 Miss., 90, 13 South., 885. Judge WOODS in delivering the opinion of the court says, that the particulars of the proof which counsel in this case insist ought to have been plead in the indictment, and which were plead in the indictment in the case, 71 Miss., *supra,* were wholly unnecessary. In that case, Judge WOODS simply said what he thought would have been sufficient, and held the indictment good, and the matter of the court's suggestion in that case is pure *obiter dicta,* as to the intent to defraud.

The true rule is stated in 2 Bishop's Criminal Procedure, sec. 322, as follows:

"It is believed that the single statuory word embezzle, 'did

embezzle,' sufficiently indicates the crimial act; just as 'did burn' in arson; 'did make an assault' in assault; 'did solicit' in attempt, *et cetera, et cetera."*

In sec. 323 he says, "If the word embezzle is qualified in the statute by "fraudulently" or any other, the qualifying word should, of course, be also in the indictment."

By Code 1892, § 1058, it is provided: "If any director, agent, etc., shall embezzle or fraudulently secrete, etc."

It will thus be seen that the word embezzled here is not qualified by the word "fraudulently" or any other word, and therefore it was sufficient to say "said William Starling unlawfully, wilfully and feloniously did then and there convert to his own use and embezzle." Embezzlement, the court will remember, is not a crime at common law, but is a purely statutory crime and therefore, in considering an indictment for this crime we must look to the particular statute. The statute as above stated puts embezzle or fraudulently secrete in the disjunctive, and it would have been sufficient to have said "then and there embezzle." 3 Chit. Cr. Law, 963; *Rex* v. *Crighton,* Russ & Ry., 62. In 7 Ency. Pl. & Pr., 415, it is said: "The offense being statutory, the sufficiency of the indictment is to be tested, not by the rules of the common law but by the requirements of the particular statute, etc." And on page 416 it is said that in an indictment for embezzlement matters of evidence should not pleaded, and on the same page, the rule is stated:

"As in prosecutions for other statutory offenses the overwhelming weight of authority is that it is sufficient to charge the crime in the language of the statute." See note 3.

The purpose of the indictment here was not to charge that Starling "fraudulently secreted" anything, but that he embezzled the funds of the bank and the statute we repeat makes either, in the alternative, a crime, and is perfectly good without the word "fraudulently" because no such qualifying word is attached to the word embezzle in the statute.

As to the assignment of error that defendant was not fur-
nished a bill of particulars—aside from *Westbrooks* v. *State,*
76 Miss., 710, 25 South., 491, in which this court said "the
practice of giving a bill of particulars has been unknown among
us" in this particular case it was proper to deny one, for as
said in 3 Ency. Plead. & Prac., 529:

"A party will not be obliged to furnish facts already known
to his adversary. Nor will a bill of particulars be ordered
when the means of ascertaining the facts are equally accessible
to both parties." See notes 1 and 2, in which authorities are
cited, too numerous to mention, from nearly every state in the
Union.

On page 530 the rule is stated as follows:

"A bill of particulars will not be required when it is not
in the power of the party to furnish one or when, from the
nature of the case, the knowledge sought cannot be expected
to be given with certainty." See note 3.

In this case Starling and his lawyers knew better than the
attorneys for the state that the books kept by Starling him-
self would be relied on as furnishing the evidence against
him; they covered many thousands of entries or failures of
entry and they were bound to know that the state would rely
upon the various checks drawn and paid by Starling on the
bank and out of the funds of the bank, which were not entered
on the books. The record further shows that all these books
and checks and vouchers of every kind used as evidence by
the state were in the hands of the receiver appointed by the
chancery court and not in the possession of the state, and
equally accessible to the defendant as they were to the state's
attorneys, and he had no earthly right to call upon us for any
bill of particulars. The record shows that he knew he was
an embezzler; he confessed as much to the president of the
bank and there was no earthly reason why the state should
point out to him the record he, himself, had made as book-
keeper of the bank.

If, for the sake of argument, we concede that it was error not to furnish him a bill of particulars, but when we stand at the end of a completed trial and as was said by this court in a memorable case: "Where the sweep of an irresistible tide of evidence would despite an immaterial error of the court . . . bear an enlightened mind and conscience to a fixed conclusion of guilty, the appellate court may not properly reverse."

The only assignment of error which is worth debate; the only point in the case that I apprehend will seriously challenge the attention of the court is the right and power of the court below to permit the indictment to be amended, if it was necessary, by adding after the first count the constitutional conclusion, "Against the Peace and Dignity of the State."

The authorities are divided on the proposition that each count in the indictment must conclude "Against the Peace and Dignity of the State," 22 Cyc., 249, counts the states on either side of this question about evenly in notes 31 and 32. It counts Mississippi with those requiring each count so to conclude in *Johnson* v. *State,* Walker, 392, but an examination of the case will show that there was but one count in the indictment, and it is curious to note, as a matter of ancient history, that in this early case this court held by implication the failure to conclude "Against the Peace and Dignity of the State" although our ancient constitution then required it, was a matter of mere form and not a matter of substance because the indictment in that case failed so to conclude, and the court held that the counsel for the appellant had abandoned that assignment of error.

We say therefore here, that in Mississippi it is not necessary that each count in the indictment should so conclude, but like the following authority it is sufficient for the whole indictment so to conclude. *McGuire* v. *State,* 37 Ala., 161; *State* v. *Thompson,* 51 La. Ann., 1089; *State* v. *Scott,* 48 La. Ann., 293; *State* v. *Travis,* 39 La. Ann., 356; *Olendorf* v. *State,* 61

Ohio St., 118; *Commonwealth* v. *Paxton,* 14 Phila., 665; *Rice* v. *State,* 3 Heisk. (Tenn.), 215; *Stebbins v. State,* 21 Tex. Cr., 294; *Nichols* v. *State,* 35 Wis., 308; 27 Cent. Dig. Title Indictment & Information, sec. 124.

Argued orally by *J. H. Wynn,* for appellant, and by *R. N. Miller,* for appellee.

WHITFIELD, C. J., delivered the opinion of the court.

The indictment in this case contains two counts, and was drawn under § 1058 of the Code of 1892. That section provides that: "If any director, agent, clerk, servant, or officer of any incorporated company, . . . shall embezzle or fraudulently secrete, conceal or convert to his own use, or make way with, or secrete with intent to embezzle or convert to his own use, any goods," etc., "he shall be guilty of embezzlement and shall be punished," etc. The first count of the indictment did not add at the conclusion thereof "against the peace and dignity of the state of Mississippi." Those words were added after the second count. The appellant filed a demurrer to the first count in the indictment, and also a demurrer to the second count in the indictment. The demurrer to the first count was because, as alleged, it did not conclude with the words "against the peace and dignity of the state of Mississippi," as required by section 169 of the constitution. The second count was demurred to on certain grounds not necessary to state. The demurrer to the first count was also expanded later, so as to express five other grounds, also not necessary, in the view we take of this case, to be stated. The district attorney obtained leave to amend the first count by adding at its conclusion the words "against the peace and dignity of the state of Mississippi." The appellant excepted. The court sustained the demurrer to the second count, and overruled the demurrer to the first count as amended. The appellant excepted.

The contention most seriously pressed by the learned counsel for appellant is that the words "against the peace and dignity of the state of Mississippi" should have been added after the first count, and that the failure to add them made that count void, and the whole indictment void, and that, since the constitution requires the indictment to conclude with these words, they are necessarily a matter of substance, and not of form, and, being so, the court erred in allowing the first count to be amended by adding them. We are clearly of the opinion that the words "against the peace and dignity of the state of Mississippi" are only required to appear, in the language of the constitution, at the conclusion of the indictment. It is not necessary that they should be repeated after each count. The language of the constitution is: "All indictments shall conclude against the peace and dignity of the state." No single count in an indictment containing more than one is the indictment. The indictment is the thing which contains all the counts. There may be many counts, but there can be but one indictment. The bill of indictment, in the language of the law, is a unit, is one complete thing, and it is this bill of indictment to which the constitution has reference in section 169. The bill of indictment in this case did conclude, as the constitution requires, with the words "against the peace and dignity of the state." Those words, whenever they appear at the conclusion of an indictment, necessarily apply to every count in the indictment going before its conclusion, and it would be the merest tautology to repeat them at the end of each count. All that is meant, when it is said that each count must be complete in itself, is that each count must completely and accurately define the offense, giving all its essential constituent elements, embraced in that count; and, whenever a count in an indictment does that, it has perfectly fulfilled its office. The words in this indictment, "against the peace and dignity of the state," do not belong to either count, technically

considered. They belong to the conclusion of the whole indictment, as the constitution requires.

Section 169 also expressly provides that "all prosecutions shall be carried on in the name and by authority of the state of Mississippi." The first count of this indictment charges that the prosecution is "in the name and by the authority of the state of Mississippi," but the second count does not repeat that language. Is it possible that a demurrer to the second count of the indictment would be sustained on the ground simply that those words, "that the grand jurors presented in the name and by the authority of the state of Mississippi," were omitted; the idea being that, unless those words were repeated in the second count, the prosecution was not, so far as the second count was concerned, in the name and by the authority of the state? So to hold would be absurd. The words "in the name and by the authority of the state of Mississippi" are part of the preface of the indictment, just as the words "against the peace and dignity of the state" are part of the conclusion of the indictment, and all that is in the prefatory, as well as all that is in the concluding, part, applies equally to every count in the indictment, without being repeated uselessly therein. Put it in another view: Suppose the demurrer to the first count of this indictment had been sustained, and the first count stricken out. The learned counsel for appellant, to be consistent, would necessarily insist that the second count, also, should be stricken out, because it did not contain these words "in the name and by the authority of the state"; those words having fallen with the first count, in which, according to counsel's theory, they were contained, which count had been stricken out. These two views serve to put in clear light the utter illogicalness of the view that the words "in the name and by the authority of the state of Mississippi," in the preface of an indictment, or the words "against the peace and dignity of the state," in the conclusion of an indictment, are to be uselessly and tautologically repeated in every count in the indict-

ment, no matter how many counts. The counts in the indict-ment are intended to charge, with accuracy and completeness, the specific offense the state seeks to fasten on the defendant— to define the constituent essential elements of such offense—. and no more. The prefatory part of an indictment, showing that the process is "in the name of the state of Mississippi" and the presentment "in the name and by the authority of the state of Mississippi," and the conclusion of an indictment, charging all that has been charged to have been done, in one or many counts, is "against the peace and dignity of the state of Mississippi," ought not to be properly embraced in any count in any indictment, since both the preface and the conclusion of every bill of indictment apply to every count therein.

This is the view clearly sustained by the best-reasoned cases. We refer to a few only. The supreme court of Tennessee, in the case of *Rice* v. *State,* 3 Heisk., 215, held that it was im-perative, that all indictments should conclude "against the peace and dignity of the state," but said it was sufficient if the whole indictment had that formal conclusion. It further said: "It is held that each count in an indictment must be a complete indictment in itself. This, we think, refers to the description of the offense, and not to the formal conclusion." The con-stitution of Alabama has the same requirements our does; but that court held, in *McGuire* v. *State,* 37 Ala., 161, that it was not necessary to show that each count should conclude with these words. Whilst the Texas supreme court did hold that an indictment which did not conform strictly to this constitu-tional provision was invalid (*Cox* v. *State,* 8 Tex. App., 254, 34 Am. Rep., 746), that court nevertheless held that it was sufficient if the indictment as a whole concluded with these words, and that it was not necessary that each count should so conclude. *Alexander* v. *State,* 27 Tex. App., 533, 11 S. W., 628; *McFarland* v. *State,* 31 Tex. App., 472. Article 90 of the constitution of 1898 of Louisiana contains this same pro-vision; but that court held, in *State* v. *Thompson,* 51 La. Ann.,

1089, 25 South., 954, that "the concluding words of an infor-
mation necessarily refer to the several counts therein, and their
repetition after each count would be useless tautology." As
is well said in one of the Ohio cases cited in the course of argu-
ment by the attorney-general, if the framers of the constitu-
tion intended that each count should so conclude, it was the
simplest thing in the world to say so, and the court said:
"The requirement is that an indictment shall conclude with the
words 'against the peace and dignity of the state of Ohio,' not
that each count shall so conclude. The words 'against the
peace and dignity of the state of Ohio,' at the conclusion of an
indictment, mean that the whole indictment and each count
therein is against the peace and dignity of the state," etc.
*Olendorf* v. *State,* 64 Ohio St., 118, 59 N. E., 892. In the
case of *Commonwealth* v. *Paxton,* 14 Phila. (Pa.), 665, re-
ferring to a similar constitutional provision, it was said: "It
has been held that each count in an indictment must allege
a distinct substantive offense; but this, we think, refers to the
description of the offense, and not to the formal commencement
and conclusion. The bill of indictment, although containing
several counts, is one. The first count in the indictment un-
der consideration concludes 'against the peace, etc.' The sec-
ond count has the full conclusion. We hold this to be suf-
ficient, and that the words 'against the peace and dignity of
the commonwealth of Pennsylvania,' in the last count, relate
as well to the preceding count." In *Nichols* v. *State,* 35 Wis.,
308, where the same constitutional provision is enforced, the
court said: "This form is mere rhetorical flourish, adding
nothing to the substance of the indictment, and it is difficult to
observe why the mandate for its use was inserted in the con-
stitution; yet it is there and must be obeyed. Of course, the
accused cannot possibly be prejudiced or in any manner mis-
led by the omission of this formula from the indictment, and
the usage of it is held necessary for the sole reason that the
constitution ordains that it shall be used, and if the indict-

ment as a whole concludes in the prescribed form, no matter how many counts it may contain, that is all that is required."

Finally, a case perfectly on all fours with this case and conclusive here is the case of *State* v. *Amidon,* 58 Vt., 524, 2 Atl., 154. The constitution there had the same requirements, and exactly what occurred here occurred there. There were two counts in the indictment, and a demurrer to each. The demurrer to the second count was sustained, and to the first count overruled. After the last count were the words "against the peace and dignity of the state." Those words were not added to the first count. The court said: "Suppose this contention is conceded. Does not this indictment close with the very words prescribed? The indictment does not close at the end of the first count thereof. That count ends in the middle of the indictment. The two counts together form the indictment. As the indictment closes with the very words prescribed by the constitution, the contention upon that basis is without support or foundation. In indictments, matters of form may be amended; matters of substance may not be. It may be difficult to express in exact language that will be applicable to every case what constitutes substances of an indictment, and what is merely formal. In general, I think it may be laid down that the statement of every fact necessary to be proven to make the act complained of a crime is a matter of substance in an indictment, and that all beyond the order of arrangement of the precise words, unless particular words alone will convey the proper meaning, is formal." And the court concluded by holding that the court below properly allowed the first count of the indictment to be amended by adding those words. And the United States supreme court, in the case of *Frisbie* v. *United States,* 157 U. S., 160, 15 Sup. Ct., 586, 39 L. Ed., 657, said: "So far as respects the objection that the count does not conclude that the offense charged was contrary to the form of the statutes in such cases made and provided and against the peace and dignity of the United States, it is

sufficient to say that such allegation, which is one of a mere conclusion of law, is not of the substance of the charge, and the omission is but a mere matter of form, which does not tend to the prejudice of the defendant, and is therefore, within the rule of section 1025 of the Revised Statutes [U. S. Comp. St., 1901, p. 720], to be disregarded."

Our view is that these words "against the peace and dignity of the state" are in the conclusion of the indictment, that the indictment does in the very language of the constitution conclude with those words, and that that conclusion applies to every count preceding the conclusion, and hence that the first count in this indictment needed no amendment of this sort. The sustaining of the demurrer to the second count of the indictment took that count out of the indictment, but did not take those words constituting the conclusion of the indictment, "against the peace and dignity of the state," out of the indictment. They remained, and apply to this first count in the indictment, which, we think, was perfect against that assault. No amendment being necessary, it is out of place to observe upon the propriety of the amendment. It may be proper to remark that whether those words "against the peace and dignity of the state" constitute matter of form or matter of substance, as those terms are used in the technical law of criminal pleading, depends solely on the idea inherently set forth by those words, or, to put it differently, on the essential nature of the thing embraced by those words, and not upon the mere fact that the constitution required them to be used. If those words are of the substance of an indictment, they are so for the same reason that any other words are of the substance of an indictment, because they are essential to the definition of the offense intended to be charged—not because they are required by the constitution to be used in the conclusion of the indictment. For example, if the constitution had done so foolish a thing as to say that an indictment should conclude with a picture of a drawn sword, since the constitution is the organic law of the

land, an indictment without that picture would certainly be void; and yet is any logical mind required to admit that the picture of a drawn sword, though required by the constitution, is matter of substance in any indictment? The constitution may arbitrarily make anything it pleases essential to the conclusion of an indictment; but whether the thing required to be in the conclusion of an indictment is matter of substance or matter of form depends on the essential nature of that thing, and not on the arbitrary requirement that it shall be contained in the preface, or in the conclusion of an indictment.

The second contention of the learned counsel for the appellant is that the appellant's demand for a bill of particulars should have been complied with. The true rule on this subject is stated, we think, in 3 Ency. of Pl. & Prac., p. 529: "A party will not be obliged to furnish facts already known to his adversary, nor will a bill of particulars be ordered when the means of obtaining the facts are equally accessible to both parties." See notes 1 and 2, and the numerous authorities therein. It is perfectly obvious from the facts in this record that the appellant knew better than anybody in the case everything which the testimony has disclosed. He kept the books himself, and made all the entries. As a matter of fact, all the books were in the custody of the receiver of the chancery court, and not in the possession of the state. They were consequently just as accessible to the defendant as to the state. He knew, without any bill of particulars, what no bill of particulars could possibly have disclosed, since he himself had made the record which condemned him. The court, therefore, committed no error in refusing the bill of particulars.

It is next very earnestly insisted by learned counsel for appellant that each of the alternative things defined in § 1058 of the Code of 1892 is a distinct offense from each of the other things alternatively therein stated; that, for example, to "embezzle" is one offense, to "fraudulently secrete" is another, to "conceal any goods," etc., another, to "convert to his

own use any goods," etc., is another, and so on, and so on. The contention seems to be that each of these things denounced by this statute is, in the language of counsel, a distinct offense. The language of the first count is "that the defendant unlawfully, willfully, and feloniously did then and there convert to his own use and embezzle," etc. It will be observed that the word "embezzle" in this statute is not qualified by the use of the word "fraudulently," or any other word. It is said in Bishop's Crim. Proc., sec. 322: "It is believed that the single statutory word 'embezzle'—'did embezzle'—sufficiently indicates the criminal act; just as 'did burn' in arson, 'did make an assault' in an assault, 'did solicit' in attempt," etc. Of course, if the statute contains a qualifying word, such as "fraudulently," or any other, that qualifying word is essential in the indictment; but our statute contains no such qualifying word. If, now, what learned counsel meant by saying that each of these alternative things denounced in sec. 1058 is an offense distinct in its nature and kind from every other one of the alternative things denounced in said statute, this, we think, is a misconception of the meaning of the statute. Each one of these alternative things denounced in this statute doubtless is a separate and distinct act of embezzlement; but each one of them, at least, is an act of the same nature with every other one of them, but all of them are acts of embezzlement. The statute expressly says that any director, etc., guilty of any of these acts, shall be "guilty of embezzlement." In other words, the substantive crime denounced by this statute is one and the same thing—embezzlement. The various alternative stated in the statute are merely different forms of embezzlement.

It is not contended by learned counsel that it was incompetent to prove as many of these different acts of embezzlement as the state could; but the insistence is upon the point we are now considering, the refusal of the court to compel the district attorney to elect as to which single one of all these different

acts of embezzlement he would proceed upon, and is simply this: that, the evidence being all in, it was then the duty of the court to limit the state to the selection of one single act, and stand or fall as the proof might warrant on that act. We do not think this is the correct view of this statute. It seems to us competent for the court, since the charge is embezzlement, and since all these alternatives are merely different forms and phases of the one substantive crime of embezzlement, not only to introduce all of them in evidence which it could, but to use any or all of them in substantiating the substantive charge of having embezzled a balance of account of $72,000. If, however, we should be mistaken in this view, it is undoubtedly true that, standing at the close of a completed record, as we do, and looking back on a finished trial, it is perfectly manifest that, if any error was committed in the procedure in this respect, it was not reversible error, since the evidence overwhelmingly shows the appellant guilty of every single act of embezzlement shown in the testimony.

We have most carefully gone through the record with respect to each of the other assignments of error, and have particularly examined the charges for the state in view of the criticisms made of them. What we have just said upon the action of the court in refusing to compel the district attorney to elect, and in setting forth our view of the meaning and purpose of sec. 1058, applies perfectly in answer to the criticisms of the instructions for the state. We deem it unnecessary to protract this opinion further by a specific examination of each of the other assignments of error. Suffice it to say that we are fully satisfied that there was no reversible error shown in this record, and that the defendant has not been prejudiced by any of the rulings complained of.

*Wherefore the judgment is affirmed.*