834 So.2d 721 (2003)
Peter R. MILLER, Appellant
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00522-COA.
Court of Appeals of Mississippi.
January 7, 2003.
Peter R. Miller, pro se, appellant.
Office of the Attorney General by Billy L. Gore, for appellee.
Before KING, P.J., LEE, and IRVING, JJ.
*722 LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. This is an appeal from the denial of the appellant's motion for post-conviction relief. In November 1999, Peter Miller pled guilty to and was convicted on Count I of kidnaping and sentenced to serve twelve years in the custody of the Mississippi Department of Corrections, convicted on Count II of simple assault on a police officer and sentenced to serve five years in prison, and convicted on Count III of possession of a firearm by a convicted felon and sentenced to serve three years, with credit for time served and said sentences to run concurrently to one another.
¶ 2. Miller filed his first motion for post-conviction relief in May 2000, arguing ineffective assistance of counsel. A Yazoo County Circuit Court judge denied that motion, and Miller filed a second motion for post-conviction relief in February 2002, arguing that his guilty pleas were entered unknowingly and unintelligently due to an improper indictment, that the trial court was without jurisdiction to impose the sentence, that he was unlawfully held in custody, and that the grand jury foreman's affidavit was improper. The court found Miller's motion to be frivolous and without merit, and Miller appeals to this Court raising similar issues. We first note that this second petition is procedurally barred as a successive motion under Miss.Code Ann. § 99-39-23 (Rev. 2000). Without waiving the procedural bar, we nonetheless briefly address the merits of the motion as did the trial judge. We find no merit; thus, we affirm.

DISCUSSION OF THE ISSUES
I. WAS THE INDICTMENT FATALLY DEFECTIVE?
¶ 3. The issues raised by Miller largely concern his allegation that his indictment was faulty. We first look to our general standard of review concerning motions for post-conviction relief.
Mississippi Code Annotated. § 99-39-11(2) (Rev. 2000) addresses the judicial examination of the original post-conviction collateral relief motion and states: If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified. In Par Industries, Inc. v. Target Container Co., [708 So.2d 44 (¶ 4) (Miss. 1998)] the applicable standard of review was stated: "A circuit court judge sitting without a jury is accorded the same deference with regard to his findings as a chancellor," and his findings are safe on appeal where they are supported by substantial, credible, and reasonable evidence.
McCullen v. State, 786 So.2d 1069 (¶ 4) (Miss.Ct.App.2001).
¶ 4. Miller first argues that his indictment was fatally defective, since the words "against the peace and dignity of the state" appeared at the end of Count I of his indictment, effectively voiding the remainder of the counts charged in the indictment. Article 6, § 169 of the Mississippi Constitution states that all indictments shall conclude "against the peace and dignity of the state." Miller cites to McNeal v. State, 658 So.2d 1345 (Miss. 1995), where the defendant argued that the State's act of placing the words "against the peace and dignity of the state," signaled the end of his indictment, effectively voiding any words which followed this phrase. McNeal, 658 So.2d at 1349. Following this phrase was the information charging McNeal as an habitual *723 offender, which placement the supreme court found to violate the Mississippi Constitution. Id. at 1350-51. The court consequently reversed and rendered as to McNeal's conviction as an habitual offender. Id.
¶ 5. We look to the history of the McNeal case and note the supreme court limited the McNeal holding three months later in Brandau v. State, 662 So.2d 1051, 1054 (Miss.1995), finding the appellant's argument on this issue was waived since he failed to raise the issue in his initial brief on appeal, only thereafter raising the issue in his motion for rehearing. See also Voyles v. State, 822 So.2d 353 (Miss.Ct. App.2002) (Any defect such as this had to be brought to the attention of the trial court by a demurrer or by motion, and Voyles's failure to raise this objection to the indictment waived his ability to raise the issue on appeal). Concerning Brandau, this Court has explained, "This holding did not overrule McNeal but certainly left it to be applied in only the narrowest of situations where an obstinate prosecutor declines to request leave to amend the indictment after the matter has been timely raised by the defense." Buford v. State, 756 So.2d 815(¶ 6) (Miss.Ct.App.2000). Further, both this Court and the supreme court have upheld this precedent in King v. State, 739 So.2d 1055 (¶¶ 9-13) (Miss.Ct. App.1999) and in Crawford v. State, 716 So.2d 1028 (¶¶ 81-83) (Miss.1998).
¶ 6. Finally, both Miller and the State cite to Starling v. State, 90 Miss. 255, 43 So. 952 (1907). In Starling, the Mississippi Supreme Court found that the act of including the phrase, "against the peace and dignity of the state," at the end of each of the individual counts was unnecessary, but did not act to render the indictment void, so long as those words were also found at the conclusion of the indictment. Starling, 90 Miss. at 271, 43 So. at 955. In Miller's case, the words "against the peace and dignity of the State of Mississippi" appear at the end of each of the three counts listed in Miller's indictment, including at the final charging paragraph. No charging words are found after this final phrase is listed for the final count. Although the constitution requires that this phrase be found at the end of the indictment, as well, the mere fact that it is found elsewhere in the indictment does not void all words appearing thereafter in the document. Accordingly, we find that the trial judge did not err in finding the indictment to be valid and consequently in denying Miller's motion based on this argument.
¶ 7. Because we have found no fault with the indictment, we do not address Miller's contention that his counsel was ineffective for failing to object to the faulty indictment. As well, Miller's argument that the trial court was without jurisdiction to convict or sentence on Counts II and III is without merit since this argument is based on Miller's conclusion that his indictment was faulty. Finally, we find that Miller's argument that his guilty plea was not knowingly and intelligently entered is without merit since he, again, bases this argument on what he perceived to be a fault with his indictment.
II. WAS THE GRAND JURY FOREMAN'S AFFIDAVIT IMPROPER?
¶ 8. Miller finally also argues that the affidavit of the foreman of the grand jury was improper because the date of the minutes, January 24, 1997, conflicted with the filing date of the affidavit, which was January 7, 1997. Miller claims that the indictment does not meet the requirements of Miss.Code Ann. § 99-7-9, which explains the process whereby the indictment is submitted to the clerk of the court and which also mandates that the affidavit explain *724 that ten or more members of the grand jury voted for the indictment and that fifteen members were present. The affidavit has not been made a part of the record on appeal; thus, we are unable to make such determination. However, according to Miss.Code Ann. § 99-7-9[1] and according to McCormick v. State, 377 So.2d 1070, 1074 (Miss.1979), and Temple v. State, 165 Miss. 798, 805-06, 145 So. 749, 751 (1933), so long as the jury foreperson has signed the indictment and the clerk has marked it "filed," both of which occurred in Miller's case, the indictment is fully established. We find no merit to this or any other of Miller's claims; thus, we affirm.
¶ 9. THE JUDGMENT OF THE YAZOO COUNTY CIRCUIT COURT DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO YAZOO COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, IRVING, MYERS, AND CHANDLER, JJ., CONCUR.
GRIFFIS, J., NOT PARTICIPATING.
NOTES
[1] "All indictments and the report of the grand jury must be presented to the clerk of the circuit court by the foreman of the grand jury or by a member of such jury designated by the foreman, with the foreman's name endorsed thereon, accompanied by his affidavit that all indictments were concurred in by twelve (12) or more members of the jury and that at least fifteen (15) were present during all deliberations, and must be marked "filed," and such entry be dated and signed by the clerk. It shall not be required that the body of the grand jury be present and the roll called. An entry on the minutes of the court of the finding or presenting of an indictment shall not be necessary or made, but the endorsement by the foreman, together with the marking, dating, and signing by the clerk shall be the legal evidence of the finding and presenting to the court of the indictment ...." Miss.Code Ann. § 99-7-9 (Supp.2002) (emphasis added).