IRVING, J„
for the Court.
¶ 1. James D. Yates pleaded guilty to manslaughter by culpable negligence and D.U.I. death. He was sentenced to concurrent sentences of twenty-five years, with five years suspended and five years of probation; and twenty years, respectively. Yates now appeals, and asserts that he is entitled to post-conviction relief because (1) he was exposed to double jeopardy, (2) all of the counts following the first count of the indictment were invalid, (3) his plea was involuntary, (4) his sentence was illegal, and (5) his counsel was ineffective.
¶ 2. Finding no error, we affirm.
FACTS
¶ 3. After a drunk driving accident that killed two people and injured another, Yates was indicted on three criminal counts: D.U.I. death, manslaughter, and aggravated D.U.I. Each count in the indictment related to a different victim of the accident. After consulting with his attorneys, Yates pleaded guilty to manslaughter and D.U.I. death. The remaining charge of aggravated D.U.I. was remanded to the file.
¶ 4. Before accepting his guilty plea, the court placed Yates under oath and asked him a series of questions. In response, *580 Yates testified that (1) he could read and write, (2) he was not under the influence of any drugs or alcohol, (3) he did not suffer from any mental defects, (4) he understood the constitutional rights that he was giving up by entering a guilty plea, (5) he had not been offered any reward for pleading guilty, (6) he had not been threatened or coerced into pleading guilty, (7) he understood that the judge was not required to impose the sentence suggested by the prosecutor, (8) he understood the maximum sentences that could be imposed by the judge, (9) he was completely and totally satisfied with the representation provided to him by his attorneys, and (10) the sentence suggested by the prosecutor (which was adopted by the court) was what he expected. After this questioning, the court found that Yates’s plea was knowingly, voluntarily, and freely made.
¶ 5. Additional facts, as necessary, will be given during the discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES

(1) Double jeopardy

¶ 6. In his first point of error, Yates argues that the multiple counts charged in his indictment improperly subjected him to double jeopardy. Yates reaches this conclusion by first pointing out that aggravated D.U.I. is a lesser— included offense of manslaughter. Mayfield v. State, 612 So.2d 1120, 1124 (Miss.1992) (citations omitted). Yates then reasons that he was subjected to double jeopardy because he was charged with both of these offenses as separate crimes. In the interest of thoroughness, we address any potential double jeopardy issues rising from any of the three crimes that Yates was charged with.
¶ 7. We note at the outset that since the aggravated D.U.I. charge was remanded to file, Yates suffered no possible harm from its inclusion on the indictment. Since Yates was not convicted for aggravated D.U.I. and suffered no possible harm from the charge, we do not address here whether a conviction for it would have constituted double jeopardy. As for the D.U.I. death and manslaughter, Yates’s argument would have merit only if both of these charges related to the same victim and incident. This same issue has been before the Mississippi Supreme Court, who held that “when a single unlawful act results in the killing of more than one person, each homicide constitutes a separate offense for which the defendant may be tried without being twice put in jeopardy for the same offense.... ” Burton v. State, 226 Miss. 31, 48, 79 So.2d 242, 250 (1955).
¶ 8. In the present case, Yates was charged with D.U.I. death for the death of David Parker, and manslaughter for the death of Christy Thomas. Since two people were killed as a result of Yates’s drunk driving, it was proper for the State to indict him on two counts: one for each victim killed. If Yates had killed only one person, and then been indicted on two separate counts for manslaughter and D.U.I. death, his argument would be proper. Since Yates was convicted for the killing of two different individuals, no double jeopardy occurred in relation to those two offenses. Yates’s first point of error is therefore rejected.

(2) Invalid counts

¶ 9. In his second point of error, Yates argues that his manslaughter conviction should be overturned because his indictment contained the words “against the peace and dignity of the State” after each count, instead of using the language only at the conclusion of the indictment. Yates *581 contends that the words, placed after the first count of his indictment, invalidated the second and third counts of the indictment.
¶ 10. As support for his contention, Yates cites Love v. State, 8 So. 465, 465 (Miss.1891), wherein the Mississippi Supreme Court reversed a conviction because the indictment did not conclude with “against the peace and dignity of the State.” We find Love distinguishable from the present case by virtue of the fact that the indictment in Love failed entirely to conclude with the required language. In the case sub judice, however, the indictment concluded with the required language, which was also unnecessarily included at the end of each of the three counts.
¶ 11. Yates’s argument on this point is refuted by Mississippi case law. In Starling v. State, 90 Miss. 255, 43 So. 952 (1907), the Mississippi Supreme Court held that “against the peace and dignity” is required only at the conclusion of the indictment, not after each count of the indictment. Id. at 265-67, 43 So. at 953-54. Later, this Court specifically held that an indictment is not defective for containing the statutory language after each count of an indictment. Switzer v. State, 828 So.2d 1277, 1278-79 (¶¶ 5-7) (Miss.Ct.App.2002). Yates attempts to distinguish his case from Switzer because the counts of his indictment arose from a single criminal incident. Having reviewed the applicable case law, we find Yate’s case indistinguishable from Switzler.
¶ 12. Therefore, Yates’s second point of error is rejected.

(8) Voluntariness of plea

¶ 13. In his third point of error, Yates claims his plea was not voluntary. When reviewing whether a plea was voluntary, we will not reverse unless the findings of the court below are clearly erroneous. House v. State, 754 So.2d 1147, 1152 (Miss.1999) (citing Schmitt v. State, 560 So.2d 148, 151 (Miss.1990)). The burden is on Yates to show that his plea was involuntary. Miss.Code Ann. § 99-39-23(7) (Rev. 2000). If Yates is able to prove that his plea was involuntary, then we must find that his plea is not binding on him.
¶ 14. A plea is voluntary when “the defendant is advised concerning the nature of the charge against him and the consequences of the plea.” Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992) (citing Wilson v. State, 577 So.2d 394, 396-97 (Miss.1991)). The defendant must be apprised of several constitutional rights, which the defendant must knowingly waive: “the defendant must be told that a guilty plea involves a waiver of the right to a trial by jury, the right to confront adverse witnesses, and the right to protection against self-incrimination.” Id. (citing Boykin v. Alabama, 395 U.S. 238, 243, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)). Mississippi statutory law provides that a defendant must be informed of the minimum and maximum jail time possible for pleading guilty. URCCC 8.04(A)(4)(b). The court is also required to determine that “the accused is competent to understand the nature of the charge.” Id. at (4)(a).
¶ 15. After reviewing the transcript of the plea hearing, we find that Yates’s plea was voluntarily made. The court clearly informed him of the constitutional rights he was giving up, and made sure that he knew he was waiving those rights. At the hearing on Yates’s motion for post-conviction relief, Yates claimed that he had never been informed of his right against self-incrimination. While the court did not use the word “incriminate” in its statement of the right, it did inform Yates that “[yjou’ve got a right to testify at trial or a right to *582 remain silent at trial.” There is no interpretation of that statement other than that Yates had the right to remain silent and say nothing incriminating about himself if he chose to go to trial. The court also informed Yates that he would have the right to cross-examine adverse witnesses and the right to a trial by jury, among other constitutional rights that Yates was waiving by entering a guilty plea.
¶ 16. The court informed Yates of the minimum and maximum sentences possible on each count Yates was pleading to, as well as the fact that the court could impose' any sentence in those ranges. Yates testified that he understood those sentences. The court also conducted an examination into Yates’s competence, inquiring as to his level of education, ability to read and write, lack of intoxication, and understanding of the charges against him. Yates specifically testified that his plea was entered voluntarily. Therefore, we find that Yates has presented no evidence that his guilty plea was involuntary, and the decision of the lower court to accept the plea was not clearly erroneous.
¶ 17. Yates’s third point of error is rejected.

(k) Legality of sentence

¶ 18. Yates next argues that he is entitled to relief because his sentence is illegal. He contends that this is so because he was effectively sentenced to thirty years: twenty to serve, plus five suspended, and five years of probation assigned by the court.
¶ 19. In Mississippi, probation is not equivalent with time to serve: “No part of the time that one is on probation shall be considered as any part of the time that he shall be sentenced to serve.” ' Miss. Code Ann. § 47-7-37 (Rev.2004). If Yates had been sentenced to post-release supervision, that time would count as part of his sentence and would work toward meeting the statutory maximum. Carter v. State, 754 So.2d 1207, 1208(¶4) (Miss.2000). Probation, however, can be imposed without counting toward the statutory maximum: “a probationary period does not equal time served.” Id. at 1209(¶ 7).
¶ 20. In Carter, the defendant was convicted and sentenced to nineteen and one-half years, with six months suspended— the maximum sentence for his crime. Id. The Carter defendant was also sentenced to serve five years of probation. Id. The Mississippi Supreme Court held that this did not violate the statutory maximum because “if [the defendant] violates the conditions of his five-year probationary period, he would also have to serve the one-half year suspended, resulting in a total of twenty years served, but no more.” Id. The same is true in Yates’s case. He was sentenced to twenty years to serve, with five suspended (the maximum for D.U.I. death). If Yates violates the conditions of his probation, he will serve the additional five suspended years, but no more than that, for a total of twenty-five years: the statutory maximum.
¶ 21. Yates also makes the argument that he could have received the “same” sentence if he had gone to trial, but instead saved the State “thousands” of dollars by pleading, and he therefore should have been rewarded with something other than the “maximum” sentence allowed by law. We note that Yates was charged with three counts in his indictment. Convictions on all three counts at trial would have exposed Yates to a potential total of seventy years imprisonment. Therefore, Yates did not receive the “same” or “maximum” that he may have gotten at trial.
¶ 22. Yates contends that he was “denied due process of law” because the court *583 did not enter separate judgments on each count it ruled upon. As support, Yates cites Mississippi Code Annotated section 99-7-2(4), as annotated, which states: “The jury or the court, in cases in which the jury is waived, shall return a separate verdict for each count of an indictment. ...” Yates confuses a verdict with that of a judgment order. Nothing in section 99-7-2 requires that each count be sentenced in a separate judgment. Yates’s own guilty plea returned a verdict on each count — that of guilty.
¶ 23. Therefore, Yates’s fourth point of error is rejected.

(5) Ineffectiveness of counsel

¶ 24. In his last point of error, Yates alleges that he is entitled to relief because his counsel was ineffective in pursuing his defense. In order to prevail on this point, Yates must meet the two-pronged test set out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), and adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss.1984). According to that test, Yates must prove (1) that his attorney’s performance was defective, and (2) that that deficiency prejudiced Yates’s right to a fair trial. Stringer, 454 So.2d at 477. When reviewing Yates’s claim, we will look at the totality of the circumstances surrounding his attorneys’ performance. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). Yates has a significant hurdle to overcome in proving his claim: “analysis begins with the strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. Appellate review of counsel’s performance is ‘highly deferential.’ ” Id. (citations omitted).
¶ 25. The primary thrust of Yates’s arguments on this point is that his counsel was ineffective in failing to recognize and instruct Yates regarding all the defects alleged in his first four points of error. For example, Yates argues that his counsel was ineffective in not recognizing that Yates’s sentence was greater than the statutory maximum. As we have already explained, the sentence was not outside the statutory maximum. Yates also argues that his counsel was ineffective in advising him to plead guilty to “the maximum sentence.” As also already explained, Yates did not plead to the “maximum,” which was seventy years. Instead, he received a sentence of twenty years, far from the seventy-year maximum. Yates also criticizes his attorney for not recognizing the alleged double jeopardy issue, which we have also found to be without merit.
¶ 26. Yates’s attorneys testified that they had fully advised him of his rights, and of the likelihood of successfully defending his case if he went to trial. They testified that they had fully explained to him the possible sentences that he could receive, and they testified that Yates appeared to understand completely what they were telling him.[1] Given the seventy *584 years of potential sentence facing Yates, the twenty years negotiated by his attorneys seems entirely reasonable. Yates also testified at the plea hearing that he was “completely and totally satisfied in all respects” with his attorneys, and that he had no complaints about their service. Yates’s attorneys testified that the prosecuting attorneys in Yates’s case initially refused to lower the sentence to less than twenty-five years, but backed down after careful negotiating by Yates’s attorneys.
¶ 27. After reviewing all of the above, we do not find that the service provided by Yates’s attorneys was deficient in any way. Therefore, Yates’s fifth and final point of error is rejected.
¶ 28. THE JUDGMENT OF THE CIRCUIT COURT OF WINSTON COUNT DENYING APPELLANT’S MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO WINSTON COUNTY.
KING, C.J., LEE AND MYERS, P.JJ., BRIDGES, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.

. Although not stressed in his appeal briefs, Yates claimed below that his attorneys had misrepresented to him that he would only have to serve twenty-five percent of his sentence. This allegation was refuted by the sworn testimony of both attorneys, who testified that they had informed him that he would have to serve at least eighty-five percent of his sentence, not twenty-five. Given the highly deferential nature of our review of attorney performance, we will not overturn Yates’s sentence simply because he alleges that his attorneys told him one thing, when both attorneys testified that they told him something else. Yates also claimed below that his attorneys had coerced him into pleading guilty by threatening him with the notion that he would get seventy-five years in jail if he did not plead. This claim is refuted by the sworn testimony of Yates himself, who testified at his *584 plea hearing that he was happy with his attorneys, and had not been coerced into pleading guilty.