MYERS, P. J.,
 

 for the Court.
 

 ¶ 1. Albert Joiner, Jr., pleaded guilty in the Lafayette County Circuit Court to the crimes of strong armed robbery and felony fleeing. He was sentenced as a habitual offender to fifteen years and four years, respectively, with the sentences to run consecutively, without the eligibility for probation or parole. Joiner thereafter filed a motion for post-conviction relief (PCR) in the circuit court, in which he claimed that he was improperly charged and sentenced under Mississippi’s habitual-offender statute, and that he was not afforded constitutionally effective assistance of counsel. The circuit court summarily dismissed the PCR motion. Joiner timely appeals that decision. Finding no error, we affirm the circuit court’s dismissal.
 

 FACTS
 

 ¶2. On February 23, 2007, Joiner was indicted on one count of robbery with a deadly weapon as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev.2000). Thereafter, on September 24, 2007, Joiner was also indicted for felony fleeing and felon in possession of a deadly weapon as a habitual offender. Pursuant to a plea agreement with the State, Joiner petitioned the court to enter a plea of guilty to a reduced charge of strong armed robbery as a habitual offender. As part of that same plea agreement, Joiner also petitioned the court to enter a plea of guilty to felony fleeing as a habitual offender.
 

 ¶ 3. After ascertaining that each respective plea was knowing, intelligent, and voluntary, the circuit court accepted both guilty pleas. The circuit court then sentenced Joiner to fifteen years for strong armed robbery as a habitual offender and four years for felony fleeing as a habitual offender with the sentences to run consecutively, for a total of nineteen years in the custody of the Mississippi Department of Corrections, without eligibility for probation or parole.
 

 DISCUSSION
 

 ¶ 4. The circuit court may summarily dismiss a PCR motion without an evi-dentiary hearing “if ‘it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief.’”
 
 Staggs v. State,
 
 960 So.2d 563, 565(¶ 2) (Miss.Ct.App.2007) (quoting Miss. Code Ann. § 99-39-11(2) (Rev.2000)). This Court will affirm the summary dismissal of a PCR motion “if the petitioner has failed to demonstrate a claim procedurally alive substantially showing [the] denial of a state or federal right....”
 
 Flowers v. State,
 
 978 So.2d 1281, 1283(¶ 5) (Miss.Ct.App.2008) (citation and internal quotations omitted).
 

 I. Joiner’s Indictment and Sentence as a Habitual Offender
 

 ¶ 5. Joiner first contends that the indictment charging him with armed robbery was defective because his indictment did not properly conclude with the words “against the peace and dignity of the State,” thereby violating Article 6, Section 169 of the Mississippi Constitution of 1890. Joiner also claims that the State failed to prove his habitual-offender status for sentencing. He urges this Court to remand the matter back to the circuit court for re-
 
 *544
 
 sentencing without the habitual-offender status. We find no merit to either claim.
 

 A. Indictment
 

 ¶ 6. Under Mississippi law, any non-jurisdictional defect in an indictment or information against a defendant is considered waived when a defendant enters a valid plea of guilty.
 
 Reeder v. State,
 
 783 So.2d 711, 720(¶ 36) (Miss.2001) (citing
 
 Brooks v. State,
 
 573 So.2d 1350, 1352 (Miss.1990)). In
 
 Foster v. State,
 
 716 So.2d 538, 539(¶ 4) (Miss.1998), the defendant presented a similar argument as the one presently before this Court—that his indictment was invalid because the section charging him as a habitual offender came after the words “against the peace and dignity of the State of Mississippi.” The supreme court dismissed this argument, holding that any challenge to the validity of the indictment was waived when David Foster entered a valid guilty plea.
 
 Id.
 
 at (¶ 5) (citing
 
 Brandan v. State,
 
 662 So.2d 1051, 1054-55 (Miss.1995)).
 

 ¶ 7. Here, Joiner entered a valid plea of guilty to the crime of strong armed robbery, a lesser offense to the crime of armed robbery charged in the indictment. Having done so, Joiner may not now challenge the validity of the indictment for the alleged defect he claims exists therein.
 
 Id.
 

 ¶ 8. For the sake of thoroughness, however, we note that the indictment contained in the record before this Court is not defective; it properly concludes with the language, “against the peace and dignity of the State,” as contemplated by Article 6, Section 169.
 
 See generally Starling v. State,
 
 90 Miss. 255, 271-72, 43 So. 952, 955 (1907). The phrase appears twice in the two page indictment, first, on page one following the charging paragraph, and then again on page two after the detailed portion of the indictment charging Joiner as a habitual offender.
 

 ¶ 9. The portion which Joiner refers to as following the Section 169 language, is the signatures of the assistant district attorney, the grand jury foreman, and the deputy clerk. As has been previously noted by this Court, “[t]he last required item[s] on the indictment document [are] the signature[s], while the ‘peace and dignity1 language is the last phrase in the text of the indictment following the charging language and before the signature[s].”
 
 See Stephens v. State,
 
 739 So.2d 413, 415(¶ 9) (Miss.Ct.App.1999) (citing
 
 McNeal v. State,
 
 658 So.2d 1345, 1348-50 (Miss. 1995)).
 

 ¶ 10. Accordingly, we find no defect in the indictment as herein alleged by Joiner.
 

 B. Proof of Habitual-Offender Status
 

 ¶ 11. Joiner argues that, assuming the validity of the indictment, the State would still have to set forth evidence of his prior convictions. Joiner contends that no proof was presented at his plea hearing as to whether he was a previously-convicted felon.
 

 ¶ 12. In order to be sentenced as a habitual offender, the State is required to properly indict the accused as a habitual offender, then prove the prior offenses by competent evidence beyond a reasonable doubt, and provide the accused a reasonable opportunity to challenge the State’s proof.
 
 Madden v. State,
 
 991 So.2d 1231, 1236(¶ 20) (Miss.Ct.App.2008) (citation omitted). However, when the accused makes a valid decision to forego his or her right to a criminal trial and instead pleads guilty to the principal offense as a habitual offender, he or she waives the right that the prosecution must prove the prior offense(s) beyond a reasonable doubt.
 
 Id.
 
 (citing
 
 Jefferson v. State,
 
 556 So.2d 1016, 1019 (Miss.1989)).
 

 
 *545
 
 ¶ 13. Joiner’s indictment delineated five previous felony offenses for which he was convicted. In Joiner’s plea petition, which he signed, he admitted that he had been previously convicted of the same felony offenses set forth in the indictment, which he listed as follows: grand larceny, simple assault on a law enforcement officer (two counts), attempted armed robbery, and burglary.
 

 ¶ 14. Thus, having submitted a plea petition to the circuit court in which he admitted to these prior felony convictions and having then entered a valid guilty plea to the principal offense as a habitual offender, we find that the circuit court properly sentenced Joiner as a habitual offender.
 

 II. Ineffective Assistance of Counsel
 

 ¶ 15. Joiner contends that he received constitutionally ineffective assistance of counsel based upon his trial counsel’s having allowed him to plead guilty as a habitual offender without proof or evidence of his prior convictions. Having found that Joiner was properly sentenced as a habitual offender, this issue is moot.
 

 ¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF LAFAYETTE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAFAYETTE COUNTY.
 

 KING, C.J., LEE, P.J., IRVING, GRIFFIS, BARNES, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.