760 So.2d 820 (2000)
James BLANCH, Appellant.
v.
STATE of Mississippi, Appellee.
No. 1999-CP-00674-COA.
Court of Appeals of Mississippi.
May 16, 2000.
*822 Appellant pro se.
Office of the Attorney General by Wayne Snuggs, Attorney for Appellee.
BEFORE KING, P.J., IRVING, AND THOMAS, JJ.
THOMAS, J., for the Court:
¶ 1. James Blanch, pro se, appeals an order of the Circuit Court of Grenada County, Mississippi denying his motion to vacate judgment of conviction and sentence. Aggrieved, Blanch has raised several issues, albeit in a convoluted form, on appeal of said motion. Having carefully reviewed each of the arguments presented, the following issues represents a clear and concise statement of the issues raised in Blanch's appeal
I. WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
II. WHETHER THE TRIAL COURT ERRED IN ORDERING APPELLANT TO FORFEIT $6,000 WITHOUT A HEARING AND WHEN NO MONEY WAS SEIZED AT THE TIME OF ARREST?
III. WHETHER THE INDICTMENT WAS DEFECTIVE?
IV. WHETHER THE TRIAL COURT COERCED APPELLANT WITH AID OF HIS DEFENSE COUNSEL INTO ACCEPTING THE PLEA AGREEMENT AND ENTERING A PLEA OF GUILTY?
V. WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT AN EVIDENTIARY HEARING ON HIS MOTION FOR POST CONVICTION RELIEF?
Finding no error, we affirm.

FACTS
¶ 2. On April 9, 1996, James Blanch entered two pleas of guilty before the Honorable Joseph L. Loper, Jr. in the Grenada County Circuit Court following a two count indictment on January 25, 1996. Count I of the indictment charged Blanch with the sale of cocaine. Count II of the indictment charged Blanch with the sale of more than one ounce but less than one kilogram of marijuana. He was sentenced to serve twenty-six years, with six years suspended, on Count I and twenty years on Count II, both in the custody of the Mississippi Department of Corrections. He received a six year suspended sentence on Count I and was ordered to pay a six thousand dollar fine, with court costs, assessments and lab fees. The sentence of twenty *823 years on Count II was to be concurrent with that sentence imposed under Count I.
¶ 3. Blanch was represented by the Honorable R.T. Laster, Jr. at the plea hearing. Displeased with the outcome, Blanch filed a motion to vacate judgment of conviction and sentence on March 24, 1999. Said motion was denied on April 1, 1999. The trial court found an evidentiary hearing unnecessary having reviewed the motion, affidavits, and transcripts of the proceedings. From that ruling, Blanch now argues that the trial judge erred in denial of the post conviction relief in that: 1) his counsel was ineffective, 2) he was improperly denied an forfeiture hearing with respect to the forfeiture of the $6,000, 3) the indictment was defective, 4) the his guilty plea was involuntary, and 5) the trial court erred in having denied him an evidentiary hearing on his motion for post conviction relief.

ANALYSIS

I.

WHETHER APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL?
¶ 4. Blanch argues numerous instances of actions or inactions on the part of his trial counsel which he asserts amounts to ineffective assistance of counsel. Of the many instances, Blanch alleges the following: 1) trial counsel failed to object to the forfeiture of the $6,000 when there was not a forfeiture hearing conducted, 2) trial counsel failed to object to defects within the indictment, 3) trial counsel failed to file a motion for severance on the eve of trial when it appeared that if he did not accept the plea agreement his co-defendants would testify against him, and 4) trial counsel provided him with bad advice with respect to his chances of getting an acquittal should he chose to go to trial and failed to adequately prepare for trial in the event that a trial did occur.
¶ 5. Blanch's claim of ineffective assistance of counsel is reviewed under the two-part test established in Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) and followed by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 476 (Miss. 1984). For Blanch to succeed on his ineffective assistance of counsel claim, he must meet both prongs successfully. Under Strickland and Stringer, Blanch must show: 1) that his trial counsel's performance was deficient, and 2) that trial counsel's deficient performance prejudiced his defense. Stringer, 454 So.2d at 476. Blanch bears the burden of demonstrating that both prongs have been met. Leatherwood v. State, 473 So.2d 964, 968 (Miss. 1985). There is a strong but rebuttable presumption that an attorney's performance falls within a wide range of reasonable professional assistance and that the decisions made by trial counsel are strategic. Vielee v. State, 653 So.2d 920, 922 (Miss.1995). Application of the Strickland test is applied with deference to counsel's performance, considering the totality of the circumstances to determine whether counsel's actions were both deficient and prejudicial. Conner v. State, 684 So.2d 608, 610 (Miss.1996). The test is to be applied to the overall performance of the attorney. Strickland, 466 U.S. at 695, 104 S.Ct. 2052. With respect to the overall performance of the attorney, "counsel's choice of whether or not to file certain motions, call witnesses, ask certain questions, or make certain objections fall within the ambit of trial strategy." Scott v. State, 742 So.2d 1190 (¶ 14) (Miss.Ct.App.1999); Cole v. State, 666 So.2d 767, 777 (Miss. 1995); Murray v. Maggio, 736 F.2d 279, 283 (5th Cir.1984). With this in mind, we now turn to Blanch's allegations of ineffectiveness.

1. Failure to object to the forfeiture of the $6,000 without benefit of forfeiture hearing.
¶ 6. Blanch argues that his trial counsel failed to object to the $6,000 fine *824 imposed at sentencing. We note that Blanch has also raised this issue similarly in one of his other issues, wherein Blanch attacks the trial court's denial of his requested forfeiture hearing on the matter of the $6,000 fine. This issue can be readily addressed by returning to the judgment of the trial court entered on April 10, 1996. In that order, the trial court, in addition to the sentences received, ordered that Blanch pay all court costs, assessments and lab fees with, what the trial court termed, a "forfeit" of $3,000 within two (2) weeks and an additional $3,000 within six (6) months. Blanch's compliance with the aforementioned judgment was a specific condition of the suspension of sentence.
¶ 7. While the trial court's judgment may have stated "forfeit," we do not interpret the language used within said judgment to mean what Blanch asserts it to be. As a practical matter, Blanch is arguing semantics and is not entitled to relief under this instance as the trial court's order was clearly in compliance with the fine and penalty provisions of Miss.Code Ann. § 41-29-139 (Rev.1993). Therefore, Blanch's assertions that his trial counsel was deficient for failing to object or request a evidentiary hearing is without a legal basis on which to stand.

2. Failure to object to defects contained within the indictment.
¶ 8. Blanch argues that his trial counsel was deficient for failing to object to defects contained within the indictment, which we quickly note Blanch fails to specify. We have carefully reviewed the indictment. Our review is done taking into consideration the fact that Blanch is proceeding on appeal as a pro se appellant. Accordingly we have given him credit for allegations that are not well pled. However, we fail to see any defect contained within the indictment. The indictment comports with Article 6, § 169 of the Mississippi Constitution of 1890 and with Rule 7.06 of the Mississippi Uniform Circuit and County Court Rules. This asserted instance of deficient representation is without merit.

3. Failure to file a motion for severance.
¶ 9. Blanch argues that once it became apparent that his co-defendants would testify against him if he did not accept the plea agreement, his trial counsel should have requested a severance. In addressing this issue, we make quick note of the following. Blanch was indicted along with co-defendants Bernard Hubbard and Ronnie Earl McChristian of the crimes of sale of cocaine and sale of more than one ounce but less than one kilogram of marijuana. All were scheduled for trial on April 9, 1996 and represented by Laster. By Blanch's own admission in his brief to this Court, he personally sought and retained the services of Laster "because the Circuit Court Judge had already appointed Attorney Laster to co-defendants but would not appoint Mr. Laster to this Appellant so this Appellant's family retained him." Further, on the eve of trial, Blanch and his co-defendant's sought to fire Laster and secure a continuance. The trial court advised the defendants that they could fire their attorney and obtain new counsel if they so desired but that their original date of trial was going to proceed as scheduled. The trial court also noted that this attempt appeared to be a last minute ploy to delay their trial and that they failed to provide arguments sufficient to warrant a change in counsel at such a late date. In addition, Blanch has failed to argue or show how his defense, had he gone to trial, would have been inconsistent or incompatible with the defenses claimed by his co-defendants. "[An] Appellant must present to us a record sufficient to show the occurrence of the error he asserts and also that the matter was properly presented to the trial court and timely preserved." Lambert v. State, 574 So.2d 573, 577 (Miss.1990) (citing Moawad v. State, 531 So.2d 632, 635 (Miss.1988)).
*825 ¶ 10. Further, this Court has found that "[t]he trial judge has discretion to grant a severance if it is necessary to promote a fair determination of the defendant's guilt or innocense." Hammonds v. State, 734 So.2d 295 (¶ 13) (Miss.Ct.App.1999). As previously stated, Blanch fails to present any argument which supports his claim that had he gone to trial his defense would have been inconsistent or incompatible with the defenses claimed by his co-defendant's. We must also view Blanch's assertions from the standpoint that Blanch gave a voluntary plea of guilty and our supreme court has recognized "that a valid guilty plea operates as a waiver of all non-jurisdictional rights or defects which are incident to trial." Anderson v. State, 577 So.2d 390, 391 (Miss.1991). This instance is without merit.

4. Trial counsel provided bad advice and failed to adequately prepare for trial.
¶ 11. Blanch argues that the advice afforded him through his trial counsel was detrimental to his making an informed decision on whether to accept the plea offer or proceed to trial. He further asserts that his trial counsel failed to prepare any defense and continuously pushed him into taking the guilty plea. However, in making these assertions, Blanch fails to put forth any evidence supporting these claims. As noted by the trial court in its order denying Blanch's motion to vacate judgment of conviction and sentence, Blanch and his attorney appeared to have had a lengthy discussion prior to his accepting the plea of guilty. During which, his attorney advised him of his chances of acquittal and the evidence against him. Blanch was advised that there is a strong likelihood that he would be convicted should he elect to proceed to trial. We, like the trial court, cannot find fault in an attorney having a frank and straightforward discussion with his client regarding the possible outcome of a trial by jury; to neglect such a discussion could amount to deficient representation. While Blanch does offer numerous affidavits by members of his family as to what transpired during the conversations with his attorney, specifically his attorney's adamant advice to take the plea, Blanch has not offered any supporting evidence as to what his defense would have been had he gone to trial. Without supporting evidence that Blanch was in some way coerced into taking the plea or had some defense, we find no merit in this asserted instance of deficient representation. A final review of the transcript reveals that Blanch, when questioned by the trial court regarding his representation, stated that he was completely and totally satisfied with his representation. Lambert, 574 So.2d at 577. This assignment of error is without merit.

II.

WHETHER THE TRIAL COURT ERRED IN ORDERING APPELLANT TO FORFEIT $6,000 WITHOUT A HEARING AND WHEN NO MONEY WAS SEIZED AT THE TIME OF ARREST?
¶ 12. Blanch argues that as a condition of his suspended sentence he was required to "forfeit" $6,000 and that said "forfeiture" results in an illegal sentence in violation of his constitutional protections under the Mississippi Constitution. Blanch appears to be arguing that the since there was never any money seized at the time of his arrest, there can be no "forfeiture" of funds. Blanch misconstrues the nature of the penalty assessed against him as a condition of his guilty plea and sentence.
¶ 13. Under Miss.Code Ann. § 41-29-139 (Rev.1993), a violation of the statute carries with it a non-discretionary monetary penalty: "shall be fined not less than One Thousand Dollars ($1,000) nor more than One Million Dollars ($1,000,000)." The trial court's discretion lies with the statutory parameters. With respect to Count I, Blanch was fined a total of $6,000, together with court costs, lab fees, and assessments, for violating said provisions *826 of the statute in addition to the sentence of twenty-six years, with six years suspended for five, the remaining twenty years to serve. As noted in our previous discussion in Blanch's ineffective assistance claim, this is an argument grounded in semantics and one that does not negate the sentence and fines imposed as they are well within the statutory parameters. This assignment of error is without merit.

III.

WHETHER THE INDICTMENT WAS DEFECTIVE?
¶ 14. Blanch argues that the indictment brought against him was defective. However, he fails to specifically direct this Court's attention to any particular defect. Rather, he indirectly raises the issue in a convoluted manner when addressing his ineffective assistance of counsel claim. He vaguely addresses the issue in passing and states that the indictment's asserted defect pertains to the statutory provisions of the crime set forth against him.
¶ 15. However, given the pro se nature of the appeal now before us, we give credit to Blanch's assertions despite that the issue raised is not well pled, lest "a prisoner's meritorious complaint ... be lost because [it is] inartfully drafted." Myers v. State, 583 So.2d 174, 176 (Miss. 1991). Even in this light, our review of the record and the indictment has failed to reveal any defect that might be therein contained. Blanch was sufficiently on notice of the crimes charged and their respective elements. We further note that the indictment comports with both Article 6, § 169 of the Mississippi Constitution of 1890 and Rule 7.06 of the Mississippi Uniform Circuit and County Court Rules. Without additional argument in support of his claim or insightful case law relating to his assertions of error, we simply have not found error. This assignment of error is without merit.

IV.

WHETHER THE TRIAL COURT COERCED APPELLANT WITH AID OF HIS DEFENSE COUNSEL INTO ACCEPTING THE PLEA AGREEMENT AND ENTERING A PLEA OF GUILTY?
¶ 16. Blanch argues that the trial court coerced him into entering a plea of guilty by refusing to grant his repeated motions for continuances and then limiting him to the following options on the eve of trial: 1) enter a plea of guilty; 2) proceed to trial pro se; 3) accept the services of his present counsel, Laster; or 4) find new counsel willing to proceed to trial as scheduled. Blanch asserts that after firing his attorney, he sought the services of two different attorneys who agreed to represent him if a continuance could be obtained, albeit on the eve of trial. Both attorneys declined representation after their respective motions for a continuance were denied. Blanch contends that he was now faced with either accepting the guilty plea, representing himself, or proceeding to trial with Laster as his attorney. Blanch professes to have been displeased with the advice provided him by Laster in regard to his chances of obtaining a verdict of not guilty and with the preparation thus far rendered by Laster. In short, Blanch argues that his plea of guilty was involuntary and therefore should not be allowed to stand.
¶ 17. We turn to our familiar and well established standard of review in assessing the validity of a plea of guilty and whether the pleas were entered voluntarily and intelligently. Banana v. State, 635 So.2d 851, 854 (Miss.1994). We are reminded that "this Court will not set aside findings of a trial court sitting without a jury unless such findings are clearly erroneous." Schmitt v. State, 560 So.2d 148, 151 (Miss.1990). Hence, issues of fact are present in determining whether a plea is entered voluntarily and intelligently. Sanders v. State, 440 So.2d 278, 283 (Miss. *827 1983). The requirements that a plea be voluntarily and intelligently given are further addressed in light of a finding that the defendant entered his plea knowingly of the nature of the crimes charged against him and of the consequences associated with entering the plea. Drennan v. State, 695 So.2d 581, 584 (Miss.1997); Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992). Advice by counsel regarding these elements is essential. Henderson v. Morgan, 426 U.S. 637, 653, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976).
¶ 18. We note and are mindful that Blanch has asserted that his trial counsel was deficient in his representation and, as such, has attempted to call said representation and advice into question in his previous issue. However, having previously disposed of this issue we need not discuss it further. Likewise, we need not look to the colloquy between Blanch and the trial court during his plea of guilty for resolution of this matter, as Blanch, through his assertions, has called the trial court's decision to deny his motions for continuances into question and argues that his plea of guilty is an involuntary product of that decision. It is from this assignment of error that Blanch argues resulted in his involuntary plea of guilty. More to the point is the question of whether the trial court erred, as Blanch argues, in limiting his options at the eve of trial, thereby forcing him into an involuntary plea of guilty.
¶ 19. Nevertheless, the burden of proving that a plea of guilty has been involuntarily given rests with the defendant. Schmitt, 560 So.2d at 151 (Superseded by Miss.Code Ann. § 99-39-23 (Supp.1999)). Blanch and his co-defendants were indicted on two counts involving the sale of cocaine and more than one ounce but less than one kilogram of marijuana. Blanch, albeit under the veil of an ineffective assistance of counsel claim, argues that it was not until the eve of trial that he realized Laster had not adequately prepared any type of defense and further prodded him into taking a plea of guilty. Blanch argues this was the reason he attempted to fire Laster as his trial counsel and obtain new counsel and a continuance rather than as a stall tactic. We have reviewed the record and the briefs submitted by Blanch and can only conclude that for the same reason Blanch fails in his ineffective assistance of counsel claim, he now fails on his assigned error regarding his asserted involuntary plea of guilty.
¶ 20. As previously discussed, Blanch fails to put forth any evidence supporting his claim. While he argues that Laster's failure to adequately prepare for trial and formulate a defense resulted in his having no choice but to fire Laster, obtain new counsel and seek a continuance, Blanch nevertheless has not presented any supporting evidence as what his defense would have been or what witnesses and testimony he would have presented had he gone to trial. Likewise, the record is devoid of any offering of said proof to the trial court when he filed his motions for continuance or when he renewed his assertions in his motion for post-conviction relief. Without supporting evidence, we find no merit in his contentions nor can we find that the trial court was clearly erroneous for denying Blanch's motions for a continuance. We can find no error in the options given Blanch. This assignment of error is without merit.

V.

WHETHER THE TRIAL COURT ERRED IN DENYING APPELLANT AN EVIDENTIARY HEARING ON HIS MOTION FOR POST CONVICTION RELIEF?
¶ 21. Blanch argues that the trial court erred in denying his request for an evidentiary hearing. We like the trial court have at our disposal a complete record and transcript of the proceedings that transpired. The statutory scheme of the Mississippi Post-Conviction Relief Act states that the movant is required to set *828 forth those facts, within his personal knowledge, which support his claim and that those facts must be verified under oath of the movant. Miss.Code. Ann. § 99-39-9(d) (Rev.1994). The scheme further requires that the movant either demonstrate through exhibits or affidavits evidence of those facts which may not be within the movant's personal knowledge or show good cause as to why the supporting documentation is not attached. Miss.Code Ann. § 99-39-9(e) (Rev.1994). Nevertheless, the trial court is not required to grant an evidentiary hearing on every petition it entertains: "If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the prisoner to be notified." Miss.Code Ann. § 99-39-11(2) (Supp.1999).
¶ 22. However, as stated before, Blanch failed to provide supporting evidence to warrant the trial court's granting of an evidentiary hearing on his motion for post-conviction relief. His assertions, standing alone, are insufficient to warrant a finding that the trial court erred in denying him the benefit of an evidentiary hearing. Therefore, we do not find that the trial court abused its discretion in denying the same. This issue is without merit.
¶ 23. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MOORE, AND PAYNE, JJ., CONCUR.