MOORE, J.,
for the Court:
¶ 1. On May 13, 1996, Michael Peacock pled guilty to two counts of murder stemming from the slaying of his grandparents and was sentenced to two consecutive life sentences. Now seeking post-conviction relief he appeals the summary denial by the Circuit Court of Holmes County, Mississippi of his motion to vacate and set aside sentence. He asserts five issues:
I. HIS UNKNOWINGLY AND INVOLUNTARILY ENTERED HIS GUILTY PLEA;
II. HE WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL;
III. THE INDICTMENT WAS DEFECTIVE;
IV. HE WAS SUBJECTED TO AN ILLEGAL SEARCH;
V. HE WAS SUBJECTED TO DOUBLE JEOPARDY.
STANDARD OF REVIEW
¶ 2. Mississippi Code Ann. § 99-39-9 (Rev.1994) requires a petitioner plead with specificity how his claims can be proven and support facts “riot within the prisoner’s personal knowledge” with affidavits of witnesses who can testify to those facts. Peacock’s petition was unsupported by affidavits. Mississippi Code Ann. § 99-39-9 (Rev.1994) additionally provides that if it “plainly appears” from the petition that the petitioner is not entitled to relief, the trial court may dismiss it without providing an evidentiary hearing. See also Milam v. State, 578 So.2d 272, 273 (Miss.1991). Peacock asserts that the trial court erred in dismissing his petition without an evidentiary hearing. As such, the question for review is whether any of the claims he raised were supported with facts within his own knowledge that, if taken as true, would entitle him to relief. See, e.g., Davis v. State, 758 So.2d 463, 465 (Miss.Ct.App.2000); Blanch v. State, 760 So.2d 820, 828 (Miss.Ct.App.2000).
I. VOLUNTARINESS OF THE GUILTY PLEA
¶ 3. The well established standard of review for assessing the validity of a guilty plea is whether a defendant voluntarily and intelligently entered such a plea. Banana v. State, 635 So.2d 851, 854 (Miss.1994). A defendant must know the nature of the crime with which he is charged and the consequences of his guilty plea. Drennan v. State, 695 So.2d 581, 584 (Miss.1997) (citing Alexander v. State, 605 So.2d 1170, 1172 (Miss.1992)).
¶4. Peacock asserts that he was not advised of the minimum and maximum penalties he would face as a result of the guilty pleas, and he also asserts he was advised he would be eligible for parole in ten years.
¶ 5. The following exchange took place during the entry of the guilty plea on May 13,1996:
By Counsel for Peacock: And do you understand that on a life sentence to a *766 murder less than capital, that you are not eligible for any type of reduction in sentence until you reach age 65?
By Peacock: Correct.
By Counsel for Peacock: And that’s only after you have done 15 years of the sentence. We also advised you that since this is almost a brand-new section, that it has not been tested in court, and that nobody could have served 15 years so far and applied for an early release under this section ... it could be that you would, once having been given a reduction in sentence after having reached 65, that you would have to serve another 15 years before you could apply for reduction on the second life sentence; do you understand that too?
By Peacock: Yes, sir.
Given this exchange and the admissions and acquiescence to other statements by his counsel, there is no factual basis upon which Peacock can assert his counsel failed to advise him that he would not be eligible for parol until age sixty-five at the earliest, or that counsel advised him he could be eligible for parole in ten years. As such, there is no merit to his contention that his guilty pleas were unknowing or involuntary, and there was no error in denying an evidentiary hearing.
II. INEFFECTIVE ASSISTANCE OF COUNSEL
¶ 6. The gravis of this issue is that, upon reflection, Peacock would have preferred to risk a jury trial for capital murder rather than face two sentences of life imprisonment, and he asserts that but for his counsel’s advice and/or lack thereof he would not have pled guilty. He asserts that counsel’s performance was deficient because: a) counsel erroneously told him the plea provided for the possibility for parole after ten years imprisonment; b) counsel told him that a motion for a speedy trial was denied but in fact it had not been filed; c) counsel told him that a motion for a change of venue was denied when in fact it had not been filed; d) counsel encouraged him to accept the plea as “his only hope of avoiding the Death Penalty.”
¶ 7. The standard of review for ineffective assistance of counsel claims is the familiar two-part test of Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), as adopted by the Mississippi Supreme Court in Stringer v. State, 454 So.2d 468, 477 (Miss.1984), which requires a showing that (1) counsel’s performance was deficient and (2) that the deficiency prejudiced the defense. “The burden to demonstrate both prongs is on the defendant who faces a strong presumption that counsel’s performance falls within the broad spectrum of reasonable professional assistance.” Bakes v. State, 665 So.2d 852, 872-73 (Miss.1995). “Only where there is a reasonable probability that without counsel’s error the outcome of the trial would have been different will this Court find ineffective representation.” Eakes v. State, 665 So.2d at 873.
a. Counsel erroneously told him the plea provided for the possibility for parole after ten years imprisonment.
¶ 8. As discussed in the issue dealing with whether Peacock’s guilty pleas were knowing and voluntary, there is no basis upon which to conclude he was not thoroughly advised that he was facing two sentences of life imprisonment with no possibility of parole in ten years. Peacock was thoroughly advised as to the consequences of entering the guilty plea. Thus, there was no deficiency in counsel’s performance, and there was no error in denying an evidentiary hearing,
b) Counsel told him that a motion for a speedy trial was denied but in fact it had not been filed.
*767 ¶ 9. Concerning the speedy trial issue, the record reveals that Peacock was arrested on July 31, 1995, indicted upon February 1, 1996 and pled guiity on May 13, 1996. Mississippi Code Ann. § 99-17-1 (Rev.1994) requires that an accused must be tried within 270 days of the arraignment on the indictment. See also Galloway v. State, 574 So.2d 1, 2 (Miss.1990). In this case, Peacock appears to have pled guilty before being arraigned. As such there is no violation of the statutory right, and there was no error in denying an evidentiary hearing.
¶ 10. Our supreme court has held that the constitutional right to a speedy trial attaches at the time of arrest. Perry v. State, 419 So.2d 194, 198 (Miss.1982). See also Smith v. State, 550 So.2d 406, 408 (Miss.1989). An assertion that a petitioner’s constitutional right to a speedy trial has been denied is subject to a four part balancing test. Barker v. Wingo, 407 U.S. 514, 530-33, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972). The Barker court identified four factors which are to be considered in making such a determination: (1) the length of the delay; (2) the reason for the delay; (3) whether the defendant has asserted his right to a speedy trial; and (4) whether the defendant has been prejudiced by the delay. No one factor is dispositive; rather, they must be considered together on a case by case basis. Barker, 407 U.S. at 530-33. Additionally, the Barker court stated, “[t]he length of delay is to some extent a triggering mechanism. Until there is some delay which is presumptively prejudicial, there is no necessity for inquiry into the other factors that go into the balance.” Barker, 407 U.S. at 530-33. Our supreme court has held that an eighth month delay is presumptively prejudicial. Smith, 550 So.2d at 408. As the delay in this case was approximately nine and a half months, the last three prongs of the balance test must be addressed.
¶ 11. Concerning the reason for the delay, while the record is not entirely clear on the point, Peacock considered entering an insanity plea and obtained a court ordered psychological exam, and as such was responsible for some of the delay. Concerning the assertion of his right to a speedy trial, Peacock made no assertion, and in fact expressly waived the issue in return for the State’s agreement to not seek the death penalty and drop two of the charges against him. Concerning the last prong, prejudice, nothing in the record or Peacock’s briefs indicates he was in any way prejudiced by the delay. The same defenses were available, and no new evidence came to light. As he also contends his attorney rendered ineffective assistance of counsel by failing to pursue a change in venue, this whole argument is rather disingenuous because if there was publicity possibly tainting some hypothetical jury pool a delay would have strategically benefitted him. In sum, under the facts asserted in his brief, no factor tilts towards him, and one expressly weighs in favor of the State. In order to require a trial court conduct an evidentiary hearing in post-conviction relief the petitioner bears the burden of establishing facts that, if taken as true, would entitle him to relief. Blanch, 760 So.2d at 828. In this case, Peacock failed to assert facts that could entitle him to relief. As such, the circuit court did not err in denying a hearing on the speedy trial issue,
c) Counsel told him that a motion for a change of venue was denied when in fact it had not been filed.
[11,12] ¶ 12. Peacock’s petition for post-conviction relief contains few specifics beyond a basic allegation that his counsel failed to file a motion for a change in venue and misinformed him by stating that *768 the motion had been denied. In a case considering whether failure to pursue a change in venue amounted to ineffective assistance of counsel, our supreme court found that the decision to not seek a change in venue is a strategic decision that involves a “weighing of the odds” and will only be second guessed in extreme circumstances. Faraga v. State, 514 So.2d 295, 306-07 (Miss.1987). The record submitted contains several photocopies of newspaper articles concerning the murders, and Peacock also asserts that he was the subject in a national television show, “America’s Most Wanted.” To determine whether a change in venue should have been granted an appellate court looks to the level of pretrial publicity and prejudicial nature of the coverage. Holland v. State, 705 So.2d 307, 336 (Miss.1997). See also Hickson v. State, 707 So.2d 536, 542 (Miss.1997); Fisher v. State, 481 So.2d 203, 215 (Miss.1985). In this case the evidence is simply insufficient to show that there was any merit to a motion to change venue. Thus, Peacock failed to assert facts that could entitle him to relief. See Blanch v. State, 760 So.2d at 828. As such, the circuit court did not err in denying a hearing on the change of venue issue,
d) Counsel encouraged him to accept the plea as “his only hope of avoiding the Death Penalty.”
¶ 13. Peacock asserts his counsel’s performance was defective because he was told his only chance to escape the death penalty was to enter the guilty pleas. Peacock had motive, was captured with his grandfather’s stolen vehicle, purchased a weapon of the same caliber as the murder weapon and confessed to the crime. In analyzing an allegation of ineffective representation, there is a presumption that counsel’s decisions are reasonable and based upon trial strategy. Eakes, 665 So.2d at 872-73. Nothing in Peacock’s pleadings indicates his counsel’s analysis of the case fell beneath a reasonable professional assistance. The circuit court did not err in denying Peacock an evidentiary hearing on this issue. See Blanch v. State, 760 So.2d at 828.
III. DEFECTIVE INDICTMENT
¶ 14. Peacock asserts both that the circuit court should have directly found that the indictment was defective and that the circuit court should also have found that his counsel rendered ineffective assistance for failure to assert the issue. The substance of his allegation that the indictment was defective is two-fold: (1) the phrase “against the peace and dignity of the State” should have been placed at “the conclusion” of the indictment, and (2) the indictment failed to include the statement “the prosecution is brought in the name and authority of the State of Mississippi.” This argument is wholly without merit. The indictment included five separate counts, and each of them began with the phrase “The grand jurors of the State of Mississippi” and concluded with the phrase “against the peace and dignity of the State of Mississippi.” This language is all that our state constitution requires. Miss. Const of 1898, art. 3, § 169. Additionally, Peacock’s entry of the guilty plea waived any such non-substantive defects to the indictment. See, e.g., Brandan v. State, 662 So.2d 1051, 1055 (Miss.1995); Buford v. State, 756 So.2d 815, 816 (Miss.Ct.App.2000). Therefore, the issue of whether the indictment was flawed is barred.
¶ 15. Additionally, even if Peacock’s counsel had somehow made a meritorious demur to the indictment, any defect could have been cured by the State. See Brooks v. State, 573 So.2d 1350, 1354 (Miss.1990). Thus, there was no ineffective assistance of counsel based upon deficient performance and resulting prejudice as required for such a claim. See Stringer v. State, 454 So.2d at 477. As such Peacock failed to assert any facts entitling him to an eviden- *769 tiary hearing, and the trial court did not err in denying one. See Blanch v. State, 760 So.2d at 828.
IV. ILLEGAL SEARCH
¶ 16. Peacock asserts both that the circuit court should have directly found that he was subjected to an illegal search and additionally found that his counsel rendered ineffective assistance because his counsel failed to assert the issue. At issue was a pawn shop ticket related to Peacock’s purchase of a rifle in Mississippi several months prior to the killings. Peacock’s pleading simply asserts that a pawn shop ticket was illegally seized because it was taken from the scene of his arrest after he had been taken into custody and before the premise’s occupant gave consent to search. Any argument Peacock may have had going to the substantive issue of whether he was subjected to an illegal search was waived by his guilty pleas. See King v. State, 738 So.2d 240, 242 (Miss.1999) (citing Jefferson v. State, 556 So.2d 1016, 1018-19 (Miss.1989)).
¶ 17. Additionally, Peacock’s pleading admits that the facts surrounding the search and seizure were not within his personal knowledge. Yet, no affidavit sets forth that the pawn shop ticket was illegally seized, where it was found, who found it, or whether is was or was not seized pursuant to a search warrant. Peacock failed to assert facts that could establish that there was any merit to a motion to suppress. As such, the circuit court did not err in denying a hearing on this issue. See Blanch, 760 So.2d at 828.
V. DOUBLE JEOPARDY
¶ 18. Peacock asserts that he was subjected to double jeopardy because the indictment’s third count, burglary, was an underlying felony to both capital murder charges. This argument is without merit for two reasons. First, jeopardy does not attach merely from an indictment issuing; rather, jeopardy only attaches when an adjudication has been completed. Fanning v. State, 249 Miss. 124, 129, 161 So.2d 199, 201 (1964). As the third count of burglary was dropped, no jeopardy could attach. Second, because an underlying felony is merely an element to a capital murder charge, one burglary can serve as the underlying felony to multiple capital murder charges where there are multiple murders. Wilcher v. State, 455 So.2d 727, 732 (Miss.1984). See also Ashe v. Swenson, 397 U.S. 436, 90 S.Ct. 1189, 25 L.Ed.2d 469 (1970). In this case there was no double jeopardy arising from an indictment listing the burglary charge as the underlying charge for two capital murder charges. Consequently, this issue is without merit.
¶ 19. THE JUDGMENT OF THE HOLMES COUNTY CIRCUIT COURT DENYING POST CONVICTION RELIEF IS AFFIRMED. COSTS ARE TAXED TO HOLMES COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.