BRIDGES, J.,
for the Court:
¶ 1. Claiborne Jenkins was indicted by a grand jury in June 1997 for the crime of aggravated assault. On October 13, 1997, Jenkins filed a petition, to enter a plea of guilty. A hearing was held on October 14, 1997, and the court accepted Jenkins’s guilty plea and sentenced him to a term of twenty years in the custody of the Mississippi Department of Corrections.
¶ 2. On March 31, 1999, Jenkins filed a motion for post-conviction relief with the Circuit Court of Wilkinson County, Mississippi. The motion was dismissed by the lower court, and Jenkins seeks review of the denial of post-conviction relief.
FACTS
f 3. Jenkins came before the Circuit Court of Wilkinson County, Mississippi having been indicted for the crime of aggravated assault. Jenkins pled guilty to this crime and was questioned by the trial judge regarding the consequences of his guilty plea. The trial judge specifically asked Jenkins whether or not he understood his guilty plea and whether his counsel was satisfactory. Jenkins at no time indicated to the trial judge that he was confused about the effects of his guilty plea, nor did Jenkins complain that he had insufficient counsel at the time he made his plea of guilty. However, Jenkins now seeks post-conviction relief based on his assertion that he lacked adequate counsel under Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). He also claims that he did not plead guilty knowingly, intelligently and voluntarily and should therefore have his guilty plea and twenty year sentence overturned.
LEGAL ANALYSIS
¶ 4. Jenkins submits to this Court that, despite the evidence in the record indicating that he fully understood the consequences of his guilty plea, he was actually “confused and bewildered” when he made this plea and therefore, did not do so knowingly, voluntarily or intelligently. The U.S. Supreme Court case of Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) provides the standard for determining whether a guilty plea is knowingly, intelligently and voluntarily made by a defendant. Id. There are at least three federal constitutional rights which are necessarily waived with a guilty plea. Id. at 243, 89 S.Ct. 1709. “First, is the privilege against compulsory self-incrimination.... Second, is the right to trial by jury. Third, is the right to confront one’s accusers.” Id. A presumption of a waiver of these rights by a defendant may not be had where the record is silent. Id. at 242, 89 S.Ct. 1709. The record must provide definite evidence of such a waiver and the admissibility of the waiver must be “based oh a reliable determination on the voluntariness” of the waiver. Id.
¶ 5. In the instant case, the record transcript of Jenkins’s plea hearing speaks volumes to this Court. The trial judge informed Jenkins, upon his guilty plea for aggravated assault, that the plea could not be entered until it was determined that it was “knowingly, understandably, freely and voluntarily made.” The trial judge *570 then asked Jenkins a series of questions regarding Jenkins’s understanding of his guilty plea:
Q. [By the court] Okay, Mr. Jenkins, did you understand the charge against you?
A. [By Jenkins] Yes, ma’am.
Q. Did you commit this crime?
A. Yes, ma’am.
Q. Do you understand that the maximum sentence that can be imposed upon you for a plea of guilty to the charge would be twenty (20) years to serve in the Mississippi Department of Corrections?
A. Yes, ma’am.
[[Image here]]
Q. Knowing these things, do you still wish to enter a plea of guilty?
A. Yes, ma’am.
Q. If you entered a plea of not guilty and the jury convicted you and you were sentenced, you’d have a right to appeal to the Mississippi Supreme Court. But when you enter a plea of guilty, you are waiving these rights. Do you understand that?
A. Yes, ma’am.
Q. Has anybody threatened you in order to make you plead guilty?
A. No, ma’am.
Q. Has anybody promised you anything in order to get you to plead guilty?
A. No, ma’am.
Q. Do you realize that you are waiving your rights under the Constitution that protects you against self incrimination?
A. Yes, ma’am.
Q. Do you realize that you are waiving your rights to a trial by jury?
A. Yes, ma’am.
¶ 6. The court went on to point out to Jenkins that if he were to plead not guilty, the State must prove his guilt beyond a reasonable doubt. The trial judge also noted that Jenkins would be waiving his right to confrontation of witnesses and testifying on his own behalf with a guilty plea. Jenkins indicated in no uncertain terms that he understood these things. He submits to this Court that he was not aware that by entering a plea of guilty, he would be forfeiting the opportunity to have other witnesses testify on his behalf. He asserts that he had such witnesses available and that if he had known that they could not testify after a plea of guilty, he would not have pleaded such. We are not convinced that Jenkins was uninformed as he would have this Court believe. The trial court adequately informed him that with a guilty plea, there would be no trial. We do not subscribe to Jenkins’s argument now, that he believed witnesses could testify on his behalf without a trial.
¶ 7. In the case of Mason v. State, 440 So.2d 318, 319 (Miss.1983), the Mississippi Supreme Court professed:
We have on many occasions held that we must decide each case by the facts shown in the record, not assertions in the brief, however sincere counsel may be in those assertions. Facts asserted to exist must and ought to be definitely proved and placed before us by a record, certified by law; otherwise, we cannot know them.
In accordance with that ruling, this Court finds that Jenkins was fully aware of the repercussions of his guilty plea and was well informed about this waiver of his constitutional rights and he therefore did plead guilty knowingly, intelligently and voluntarily.
 ¶ 8. As to Jenkins’s contention that he was not given an evidentiary hearing on this issue, we find that there was no error on the part of the trial judge. An evidentiary hearing is only imperative where the transcript of the plea hearing “does not reflect that [the petitioner] was advised concerning the rights of which he allegedly claims ignorance.” Roland v. State, 666 So.2d 747, 751 (Miss.1995); Al *571 exander v. State, 605 So.2d 1170, 1172 (Miss.1992). It is clear to this Court from the record provided that Jenkins was explicitly informed by the trial judge of his right against self-incrimination, to a trial by jury and to confront his accusers. It is also clear from the record that Jenkins was informed by the trial judge that a guilty plea would constitute a waiver of those rights. Therefore, in accordance with the holdings in Roland and Alexander, we hold that Jenkins was not entitled to an evidentiary hearing on this matter.
¶ 9. As to Jenkins’s argument that the victim in this case was coerced into making a statement against Jenkins, we find no merit. Jenkins accuses the officers who were in charge of investigating this crime of placing “extreme pressure” on the victim to implicate Jenkins in the crime. We find no evidence submitted by Jenkins, however, that would even remotely tend to prove this allegation. Jenkins attempts to argue this issue before this Court by citing case law which, unfortunately, does nothing to help him defend his position. The sole issue in three of the cases used by Jenkins deals with whether or not certain hearsay statements made against a defendant’s penal interest may be admitted into evidence at trial. Williamson v. U.S., 512 U.S. 594, 114 S.Ct. 2431, 129 L.Ed.2d 476 (1994); Brent v. State, 632 So.2d 936 (Miss. 1994); U.S. v. Sarmiento-Perez, 633 F.2d 1092 (5th Cir.1981). Here, obviously, we are not dealing with statements by the victim which should or should not be entered into evidence at trial because a guilty plea by Jenkins waives his right to trial. Jenkins misses the mark with this authority and loses his argument in the midst of complicated evidentiary rules to be used at the trial level. Further, Jenkins cites Williams v. State, 667 So.2d 15 (Miss.1996) in support of his argument on this issue. The Williams case deals with spousal privileges and the admissibility of statements or testimony of a. defendant’s spouse into evidence at trial. Id. at 17. That is not remotely close to the issue here.
¶ 10. Jenkins rests his assertion that his guilty plea should be withdrawn due to coercion of the victim in this case based on this misplaced case law. Even without considering that Jenkins leads us down the wrong path with this authority, we can find nothing in the record that would validate this accusation, and Jenkins offers no such factual evidence for this Court to consider. Further, testimony at the hearing of the victim and her family indicates that Jenkins was, in fact, the man who carried out this crime. The record communicates the victim’s recollection of the assault on her by Jenkins and indicates that the victim stated her memory of the events freely without any coercion.
¶ 11. Jenkins also argues before this Court that he was not provided with effective assistance of counsel. In order to prevail on the issue of ineffective assistance of counsel, one must prove that his lawyer’s performance was deficient, and that the deficiency was so substantial as to deprive him of a fair trial. Strickland v. Washington, 466 U.S. 668, 687-96, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). A pri-ma facie case of ineffective assistance of counsel must be one that is alleged with specificity to show both that counsel’s performance was deficient, and also that the deficient performance prejudiced him. Cole v. State, 666 So.2d 767, 777 (Miss. 1995). There is a strong but rebuttable presumption that counsel’s conduct fell within the wide range of reasonable professional assistance. Moody v. State, 644 So.2d 451, 456 (Miss.1994). Accordingly, appellate review of counsel’s performance is “highly deferential.” Strickland, 466 U.S. at 689,104 S.Ct. 2052.
¶ 12. Again, letting the record speak for itself, we find that there is no merit to Jenkins’s claim of ineffective assistance of counsel. Specifically, Jenkins alleges that his attorney was ineffective in that he made no effort to adequately defend Jenkins against these criminal charges. We conclude that this is not the case. The following record excerpts satisfy this *572 Court that Jenkins’s attorney effectively counseled Jenkins and that he had no complaints regarding inadequate assistance of counsel at the time of his guilty plea:
Q. [By trial judge] Mr. Jenkins, are you satisfied with the service of your attorney?
A. [By Jenkins] Yes, ma’am.
Q. Has he threatened you in any manner or promised you anything in order to get you to plead guilty?
A. No, ma’am.
Q. Do you believe that your attorney has properly advised you on this plea?
A. Yes, ma’am.
Q. Do you believe that your attorney has properly represented you in this case?
A. Yes, ma’am.
¶ 13. Aside from this telling excerpt, it appears to us from the record that Jenkins’s attorney made a valid effort to represent Jenkins, even after Jenkins verified to the court that he understood the consequences of his guilty plea and entered such a plea. There is nothing we can find in the record of this case that supports Jenkins’s position. Jenkins attempts to convince this Court otherwise through an analysis of the Strickland case. Jenkins asserts that he was prejudiced by his attorney because his attorney did not advise him of the consequences of pleading guilty. In accordance with our finding above, we are convinced that Jenkins was well aware of the fact that a plea of guilty would carry with it a waiver of his right to a trial by jury, right to confront witnesses and right to testify on his own behalf. Jenkins is asking this Court to reach too far to adopt his assertion that if he had known that he would lose these rights, he would have pled not guilty. It is our opinion that it is well documented in the record that Jenkins did commit this crime and chose of his own volition to plead guilty to such crime. Jenkins would have us believe that his guilty plea was the product of improper counseling on the part of his attorney and that, because of this, his plea was not voluntary, but rather was the product of “fear, violence, deception, or improper inducements” by his attorney or some other person. After reading the record thoroughly, we cannot find that Jenkins was induced by anything or anyone, but that he pled guilty knowingly, intelligently and voluntarily after being informed of the repercussions. We find no evidence in the record or submitted by Jenkins that would convince us of any improper or careless counseling on the part of Jenkins’s attorney. Therefore, it is our opinion that the first prong of Strickland has not been proven by Jenkins. Strickland, 466 U.S. at 687-96, 104 S.Ct. 2052. While we appreciate Jenkins’s thorough analysis of Strickland, we cannot agree with the results reached in his argument.
¶ 14. In Blanch v. State, 760 So.2d 820 (Miss.Ct.App.2000), we reached a conclusion on a similar case as the one at bar. In that case, Blanch argued that his counsel was deficient partly because his attorney advised him to take a guilty plea. Id. at (¶ 11). We found that, like Jenkins, Blanch’s attorney advised the guilty plea because of a strong likelihood that he would be convicted at trial. Id. We opined that:
We, like the trial court, cannot find fault in an attorney having a frank and straightforward discussion with his client regarding the possible outcome of a trial by jury; to neglect such a discussion could amount to deficient representation .... [However,] Blanch has not offered any supporting evidence as to what his defense would have been had he gone to trial. Without supporting evidence that Blanch was in some way coerced into taking the plea or had some defense, we find no merit in this asserted instance of deficient representation. A final review of the transcript reveals that Blanch, when questioned by the trial court regarding his representation, stated that he was completely and totally satisfied with his representation.
*573 Id. See also Lambert v. State, 574 So.2d 573, 577 (Miss.1990). Because we find that Jenkins was not coerced into taking the plea of guilty and because we find no evidence of a valid defense argued by Jenkins, we hold that Jenkins’s assertion of deficient counsel has no merit. Further, our holding on this issue is strengthened by our previous finding that Jenkins entered a guilty plea for the crime of aggravated assault knowingly, intelligently and voluntarily.
¶ 15. For the foregoing reasons, we affirm the decision of the lower court to deny post-conviction relief to Jenkins.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF WILKINSON COUNTY DENYING POST-CONVICTION RELIEF IS HEREBY AFFIRMED. ALL COSTS OF THIS APPEAL ARE TAXED TO WILKINSON COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ„ CONCUR.