BRIDGES, J.,
for the Court:
¶ 1. This case comes from the Circuit Court of Coahoma County, Honorable Judge Elzy Jonathan Smith Jr. presiding. On July 31,1997, Lewis Curtis plead guilty to the crime of sale of a controlled substance and was sentenced to serve six years in the custody of the Mississippi Department of Corrections and five years post-release supervision. Curtis sought post-conviction relief in the Coahoma Circuit Court and was denied. Curtis now appeals to this Court bringing three issues:
1. WHETHER OR NOT HIS GUILTY PLEA WAS INVALID.
2. WHETHER OR NOT HIS INDICTMENT WAS ERRONEOUS.
*575 3. WHETHER CURTIS HAD INEFFECTIVE ASSISTANCE OF COUNSEL.
FACTS
¶ 2. On either July 16 or 18, 1996, Curtis drove a Ms. Bertha Thomas to a grocery store. While in the grocery store Ms. Thomas sold the drug hydrocodone to an undercover police officer. Curtis claims to have no knowledge of Ms. Thomas’s actions or her intent to sell the drug.
¶ 3. Both Curtis and Thomas were arrested and charged with the sale of an illegal drug. Ms. Thomas pled guilty, and Curtis also pled guilty. The prosecution was going to make a plea recommendation, but it withdrew its offer upon learning this was the second time Curtis had been charged with a drug related offense. After the prosecution withdrew its offer, Curtis pled guilty in an open plea after the deadline in which he could enter a plea with a recommendation had passed (the deadline was set by court order). Curtis was sentenced to six years in the custody of the Mississippi Department of Corrections, and five years post-release supervision. Curtis then filed a motion seeking post-conviction relief in the Coahoma Circuit Court. This motion was denied by the Circuit Court, and Curtis now brings his appeal here.
DISCUSSION
STANDARD OF PROOF
¶ 4. In looking at whether or not a guilty plea was involuntary or not, the burden to prove it was involuntary is on the defendant, and he must prove this by a preponderance of the evidence. House v. State, 754 So.2d 1147 (¶ 25) (Miss.1999). In reviewing a guilty plea the Court is to review the entire record to determine if it was voluntarily and intelligently made. Id. at (¶ 26). In addition this Court will not set aside the finding of the trial court that the plea was voluntary unless those findings are clearly erroneous. Id. at (¶ 24). It is also possible the questioning performed by the trial court and its explanations to the defendant may be enough on their own to make the plea voluntary. Id at (¶ 24).
¶ 5. The standard to be applied in claims of ineffective assistance of counsel is well known. The defendant must prove his attorney’s performance was defective and the deficiency deprived the defendant of a fair trial. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). This deficiency is assessed by looking at the totality of the circumstances. Id. at 965. There is also a strong presumption the attorney’s conduct fell within the wide realm of reasonable professional assistance, and this review is highly deferential to the attorney. Id. at 965.
ANALYSIS
1. WHETHER OR NOT HIS GUILTY PLEA WAS INVALID.
¶ 6. Curtis argues his guilty plea was involuntary for several reasons. First of all, he claims the prosecution and the judge gave him the idea that if he pled guilty then he would be put on probation and sent home. There was a plea agreement between the prosecution and Curtis at one time, but it was withdrawn when the prosecution discovered this was a second time drug offense for Curtis. When Curtis did enter a plea, it was after the deadline the trial court set for the entrance of pleas. Curtis claims he detrimentally relied on the agreement, and the prosecution breached its part of the contract.
¶ 7. After review of the entire record, it is apparent the trial judge was thorough in making sure Curtis understood what he was doing by pleading guilty. The trial judge read the indictment to Curtis and made sure Curtis understood what crime he was pleading guilty to. The trial judge discussed the earlier plea agreement and made it clear to Curtis what it meant to enter an open plea. The trial judge made *576 sure Curtis understood there was no plea agreement and it would not be binding upon the court in making its ruling. The trial court also explained the maximum and minimum sentence Curtis could receive and found Curtis understood them. The trial court also discussed the rights Curtis was waiving by insuring that Curtis’s attorney had explained the petition to enter a guilty plea before entering same.
¶ 8. It is this Court’s opinion that Curtis knew exactly what he was doing; he simply did not like the way it came out. Curtis stated on the record he understood what he was doing by pleading guilty, and the trial court agreed. Review of the entire record did not expose anything that would call into question the findings of the trial court. Because of this, this Court finds that Curtis’s guilty plea was voluntarily and knowingly given.
¶ 9. In addition, Curtis fails in his argument that he detrimentally relied on the recommendation of the prosecution. The Mississippi Supreme Court has held that detrimental reliance in a plea bargaining context involves a “plea bargain with something more, such as where the defendant serves as a witness for the state ... or as an undercover informant ...” Kline v. State, 741 So.2d 944, 948 (Miss.Ct.App.1999)(quoting Martin v. State, 635 So.2d 1352, 1356 (Miss.1994)). In this case the defendant did nothing to his detriment in reliance upon the State’s recommendation such as testify or serve as an informant. Besides, at the time Curtis pled guilty he knew the prosecution had withdrawn its offer because it learned he was a second time offender. Therefore, there was no offer for Curtis to detrimentally rely on. For this reason, and because Curtis has failed to prove his guilty plea was involuntary, this Court affirms the findings of the trial court.
2. WHETHER OR NOT HIS INDICTMENT WAS ERRONEOUS.
¶ 10. In this argument, Curtis claims the indictment failed to lay out all of the elements of the crime with which he was charged. Curtis argues the State did not have any evidence to prove he committed the crime with which he was charged, and he makes the argument that he should have been charged with a lesser crime. Curtis also claims the indictment failed to lay out all of the necessary elements of the crime, but he fails to tell which element was not put in. The problem with all of this is Curtis pled guilty to the crime with which he was charged. All of these arguments are arguments that would have been proper if he had gone to trial, but he waived all of this when he pled guilty. “A valid guilty plea ... admits all elements of a formal criminal charge and operates as a waiver of all non-jurisdictional defects contained in an indictment against a defendant.” Fielder v. State, 749 So.2d 1248 (¶ 4) (Miss.Ct.App.1999) (quoting Brooks v. State, 573 So.2d 1350, 1352 (Miss.1990)). With this in mind, this Court finds the argument Curtis makes against his indictment is waived. He pled guilty to the charge, thereby waiving all of these arguments, and for this reason this Court affirms the decision of the trial court on this issue.
3. WHETHER CURTIS HAD INEFFECTIVE ASSISTANCE OF COUNSEL.
¶ 11. Curtis actually brought this as two separate issues, but they have been joined here because they are both ineffective assistance of counsel claims. Curtis cited different bases for both claims. The first basis upon which he claims ineffective assistance of counsel is he claims his attorney failed to scrutinize the indictment and realize the State could not prove one of the elements of the crime with which he was charged. Thus, it was wrong for Curtis’s counsel to encourage him to plead. The second basis upon which he claims ineffective counsel is his attorney failed to get a note from Curtis’s doctor which he claims would have caused the judge to give Curtis a lighter sentence due to the condition of his health.
*577 ¶ 12. In order for Curtis to prove ineffective assistance of counsel he must show his counsel’s performance was deficient and, but for the deficiency, a different outcome in the proceeding would have been likely. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Curtis must also overcome the presumption that an attorney representing a defendant in a criminal proceeding performed at a sufficient level of competency to satisfy Sixth Amendment constitutional safeguards. Id. at 689, 104 S.Ct. 2052.
¶ 13. In regard to Curtis’s first basis for this claim, the decision to plead guilty instead of taking a case to trial is not solely that of the attorney. The role of an attorney is to explain the options the client has and then to pursue the options the client wants to take. After examining the indictment, Curtis’s attorney could have told Curtis to go to trial, but instead he encouraged Curtis to plead. In the case of Blanch v. State, 760 So.2d 820 (Miss.Ct.App.2000), this Court stated it could not find fault when an attorney had a candid discussion with his client where the attorney encouraged the client to plead guilty instead of going to trial. Blanch, 760 So.2d at 825. In fact, this Court mentioned that the attorney’s representation would have been deficient if the attorney had not discussed this with his client. Id. at 825. In the record, the trial court asked Curtis’s attorney if he had discussed Curtis’s options with him, and he stated he did. Thus, it is not the attorney’s fault Curtis decided pleading guilty would better serve his interests than a trial would. There is nothing deficient about this. Curtis also argues that if his attorney had examined the indictment he would have realized the State could not prove all of the elements of sale of illegal drugs in regard to Curtis, and then Curtis would not have pled guilty. However, Curtis fails to state which ground the State could not prove. For these reasons this Court finds the behavior of Curtis’s attorney was not deficient on this basis.
¶ 14. Curtis’s second claim of ineffective assistance of counsel centers around Curtis’s claim that his attorney was to bring a note from Curtis’s doctor explaining his medical condition so he could receive a lighter sentence. Curtis provides no evidence a doctor would have given such a note, and the only indication in the record that Curtis was in bad health came from Curtis’s attorney. During the sentencing hearing, Curtis’s attorney mentioned to the judge Curtis’s age and his arthritis. This statement was made on the record. The fact the attorney brought Curtis’s condition to the judge’s attention negates any claim that the lack of a note would cause his representation to be deficient. However, if it did not, and it could be said that this was a deficiency, this Court fails to see how such a deficiency would have affected the outcome of the case. When Curtis made a statement to the judge about how the concrete and metal of his jail cell was hurting his hips, the judge responded “Well I can’t do much about the concrete environment”. This statement leads this Court to believe any document or note regarding Curtis’s health would have affected the outcome of the sentencing phase of Curtis’s trial very little. This Court therefore finds Curtis has failed to meet the requirements to prove ineffective assistance of counsel as set out in the Strickland case, and we affirm the finding of the lower court.
¶ 15. In conclusion, this Court finds that Curtis has failed to prove his guilty plea was involuntary, that Curtis waived any defects in the indictment by pleading guilty, and that Curtis has failed to prove he received ineffective assistance of counsel. For these reasons we affirm the lower court’s denial of post-conviction relief.
¶ 16. THE JUDGMENT OF THE CIRCUIT COURT OF COAHOMA COUNTY OF DENIAL OF POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS *578 OF THIS APPEAL ARE ASSESSED TO COAHOMA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., IRVING, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR.