828 So.2d 1277 (2002)
Bruce SWITZER, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2002-CP-00243-COA.
Court of Appeals of Mississippi.
October 22, 2002.
Bruce Switzer (Pro Se), attorney for appellant.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before SOUTHWICK, P.J., THOMAS, and CHANDLER, JJ.
THOMAS, J., for the court.
¶ 1. Bruce Switzer, pro se, appeals an order of the Circuit Court of Grenada County, Mississippi, denying his petition for post-conviction relief. Aggrieved, Switzer asserts the following issues on appeal:
I. SWITZER'S GUILTY PLEA WAS INVOLUNTARILY AND *1278 UNINTELLIGENTLY MADE DUE TO A FATALLY DEFECTIVE INDICTMENT.
II. SWITZER WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE WAS ALLOWED TO PLEAD GUILTY TO A DEFECTIVE INDICTMENT AND HIS COUNSEL FAILED TO OBJECT TO THE DEFECTIVE INDICTMENT.
Finding no error, we affirm.

PROCEDURAL HISTORY AND FACTS
¶ 2. On January 31, 2001, Bruce Switzer pled guilty to a three-count indictment for possession of marijuana with enhancement for a repeat offense, possession of cocaine with enhancement for a repeat offense, and possession of a rifle by a previously convicted felon. Switzer was represented by R.T. Laster, Jr. With Laster's assistance, Switzer filled out and filed a petition to enter a guilty plea that included the reduced sentence Switzer would receive as a result of a plea bargain agreement negotiated by Laster as well as Switzer's admitting that he was guilty of the three offenses with which he was charged.
¶ 3. At the guilty plea hearing, the trial court advised and questioned Switzer about his understanding of the constitutional rights he was waiving by pleading guilty. Switzer testified under oath that he understood the three charges under the indictment, the elements of the offense, and possible defenses. He also testified that he understood the maximum sentences for the offenses, and that he had not been coerced or promised anything in exchange for his pleas and that he was completely satisfied with the services of his counsel. The court accepted Switzer's guilty pleas as freely and voluntarily entered. Although the maximum sentences were a forty-eight and thirty-six year enhanced sentence, Switzer received twenty years with five years suspended along with two concurrent five and three year sentences as stated in his plea bargain agreement. On January 24, 2002, Switzer filed for post-conviction relief. The trial court denied Switzer relief and he appealed to this Court.

ANALYSIS
I. WAS SWITZER'S GUILTY PLEA INVOLUNTARILY AND UNINTELLIGENTLY MADE DUE TO A FATALLY DEFECTIVE INDICTMENT?
¶ 4. Switzer argues that his guilty pleas were not voluntarily and intelligently entered because his indictment was fatally defective. Switzer claims that his indictment violated the McNeal v. State, 658 So.2d 1345, 1351 (Miss.1995) precedent under Article 6, § 169 of the Mississippi Constitution. In McNeal, a habitual offender sentence was overturned because it did not comply with Article 6, § 169 of the Mississippi Constitution, which states that "all indictments shall conclude `against the peace and dignity of the state.'" McNeal, 658 So.2d at 1351.
¶ 5. The trial court found no violation of Article 6, § 169 of the constitution because each of the three counts against Switzer, including the final count, concluded with the phrase "against the peace and dignity of the state of Mississippi." The trial court's order stated that although the phrase did not need to be used at the end of the first and second counts, this did not invalidate the indictment. The trial court found that since the last count ended with the correct phrase, the constitutional requirements were met. Switzer argues that the phrase's use at the end of the first count of the indictment concluded the indictment, and anything after the first count was therefore invalid. Switzer's argument, *1279 however, is not supported by case law.
¶ 6. In Starling v. State, 90 Miss. 255, 256, 43 So. 952, 953 (1907), the Mississippi Supreme Court held that the words "against the peace and dignity of the state of Mississippi" are only required to appear at the conclusion of the indictment, but their inclusion in every count is only "the merest tautology." Starling, 90 Miss, at 256, 43 So. at 953. In both Peacock v. State, 783 So.2d 763 (Miss.Ct.App.2000), and Evans v. State, 742 So.2d 1205 (Miss. Ct.App.1999), this Court held that ending each count of an indictment with "against the peace and dignity of the state of Mississippi" did not invalidate the indictment. Peacock, 783 So.2d at (¶ 14); Evans v. State, 742 So.2d at (¶ 14).
¶ 7. This issue is without merit.
II. WAS SWITZER DENIED EFFECTIVE ASSISTANCE OF COUNSEL BECAUSE HE WAS ALLOWED TO PLEAD GUILTY TO A DEFECTIVE INDICTMENT AND HIS COUNSEL FAILED TO OBJECT TO THE DEFECTIVE INDICTMENT?
¶ 8. Switzer argues that he was denied effective assistance of counsel because he was allowed to plead guilty to a defective indictment and his counsel failed to object to the indictment. As stated above, Switzer is incorrect in his assertion that the indictment was defective because each count ended with the phrase "against the peace and dignity of the state of Mississippi." Switzer has therefore failed to show that his counsel's performance was deficient, the first prong of the Strickland test used to examine ineffective assistance of counsel claims in Mississippi. Mohr v. State, 584 So.2d 426, 430 (Miss.1991) (citing Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)). This issue is therefore without merit.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF GRENADA COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GRENADA COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, LEE, IRVING, MYERS, CHANDLER AND BRANTLEY, JJ., CONCUR.