978 So.2d 689 (2008)
Edward BYROM, Appellant,
v.
STATE of Mississippi, Appellee.
No. 2007-CP-00638-COA.
Court of Appeals of Mississippi.
April 1, 2008.
*690 Edward Byrom, appellant, pro se.
Office of the Attorney General by W. Glenn Watts, attorney for appellee.
Before LEE, P.J., BARNES and ISHEE, JJ.
LEE, P.J., for the Court.

FACTS AND PROCEDURAL HISTORY
¶ 1. On June 21, 2001, Edward Byrom pleaded guilty in the Circuit Court of Tishomingo County to conspiracy to commit capital murder, accessory before the fact of grand larceny, and accessory before the fact of burglary of a dwelling with intent to commit assault. Byrom was sentenced to serve twenty years, five years, and twenty-five years, respectively, with twenty years suspended and five years post-release supervision, in the custody of the Mississippi Department of Corrections. The sentence in each count was ordered to run consecutively.
¶ 2. Byrom filed a motion for post-conviction relief on November 14, 2006, alleging that he was subjected to double jeopardy because the elements of the crimes he was convicted of overlapped; therefore, he argues that his sentences should have been ordered to run concurrently rather than consecutively. The trial court, in denying Byrom's motion, upheld his sentences stating that each crime required proof of different elements.
¶ 3. Byrom now appeals, asserting that he was denied his right to be free from double jeopardy and that his punishment was cumulative.
¶ 4. Finding this appeal is time-barred, we affirm.

STANDARD OF REVIEW
¶ 5. A trial court's denial of post-conviction relief will not be reversed absent a finding that the trial court's decision was clearly erroneous. Smith v. State, 806 So.2d 1148, 1150(¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo. Brown v. State, 731 So.2d 595, 598(¶ 6) (Miss.1999).

*691 DISCUSSION
¶ 6. According to Mississippi Code Annotated section 99-39-5(2) (Rev.2007), a post-conviction relief motion must be filed within three years after the entry of the judgment of the conviction. Byrom's judgment was entered on June 21, 2001, and he did not file his post-conviction relief motion until November 14, 2006, well beyond the three-year limitation. Section 99-39-5(2) sets forth certain exceptions to the three-year limitation, which include: (1) an intervening decision by either the United States Supreme Court or the Mississippi Supreme Court that would have actually adversely affected the outcome of the prisoner's conviction or sentence; (2) a prisoner's possession of evidence that was not reasonably discoverable at the time of the trial, but had such evidence been introduced at trial, it would have caused a different result; and (3) a prisoner's claim that his sentence has expired or his probation, parole, or conditional release have been unlawfully revoked. Byrom makes no claim within these exceptions; therefore, Byrom's motion for post-conviction relief is time-barred.
¶ 7. Since the trial court did not discuss the time-bar and focused only on Byrom's argument that his consecutive prison sentences were cumulative and violated his right to be free of double jeopardy, we will also briefly address this issue. Byrom argues that the elements of breaking and entering a dwelling with the intent to commit assault are incorporated in the charge of conspiracy to commit capital murder. He also argues that the elements of grand larceny are included in the breaking and entering charge. These crimes are completely different and require proving different sets of elements. We agree with the trial court's ruling that this argument is without merit.
¶ 8. We find that the trial court did not err in denying Byrom's motion for post-conviction relief. The judgment of the trial court is affirmed.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO TISHOMINGO COUNTY.
KING, C.J., MYERS, P.J., IRVING, CHANDLER, GRIFFIS, BARNES, ISHEE, ROBERTS AND CARLTON, JJ., CONCUR.