# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00552-COA

**PAUL F. JONES A/K/A PAUL FREDERICK JONES**            **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**            **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 02/28/2014 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | PAUL F. JONES (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LISA L. BLOUNT |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 11/10/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE IRVING, P.J., ISHEE AND FAIR, JJ.**

**ISHEE, J., FOR THE COURT:**

¶1.     On February 25, 2013, Paul Frederick Jones pleaded guilty in the Harrison County Circuit Court to one count of possession of a controlled substance under the enhancement statute and the habitual-offender statute. He was sentenced to serve twelve years in the custody of the Mississippi Department of Corrections (MDOC). On April 3, 2013, Jones filed a pro se motion for postconviction relief (PCR), which was denied by the circuit court. Aggrieved, Jones files this appeal. Finding no error, we affirm.

## FACTS

¶2. On January 19, 2012, a confidential informant (CI) worked with Gulfport Police Department Narcotics Detective Ryan Stachura and purchased cocaine from Jones in a controlled buy. Prior to visiting Jones's residence, both the CI's person and vehicle were searched for contraband. Then the CI was equipped with an audio-transmitting device (also known as a wire) and an audio-recording device. In addition, he was given thirty dollars in official City of Gulfport funds to use.

¶3. The CI pulled into Jones's front yard and was told that Jones was inside. The CI went inside and began speaking with a male. Detective Stachura recognized the male's voice as that of Jones, and the CI called Jones by name. The CI talked to Jones about purchasing the cocaine, and Jones stated that he also had spice (a synthetic cannabinoid) for sale. The CI purchased 0.4 grams of cocaine. As the transaction was taking place, detectives from the police department conducted visual surveillance on the CI and on Jones's residence, and they monitored the transaction via the audio-monitoring device.

¶4. After the CI purchased the cocaine, the CI met back up with the police detectives at a predetermined location. The CI gave the cocaine to the detectives. Detective Stachura returned to the police station and field tested the substance the CI had purchased from Jones. It tested positive for cocaine. Detective Stachura then drafted a search warrant based on probable cause due to the controlled buy. His search warrant was authorized by Harrison County Justice Court Judge Brandon Ladner. Upon executing the search warrant at Jones's residence, the police department recovered a large quantity of drugs. Specifically as to Jones, they recovered the following: 0.3 grams of cocaine, 167 grams of spice, forty-one dosage

units of ten-milligram hydrocodone, five dosage units of five-milligram hydrocodone, a glass crack pipe, some Brillo pads, miscellaneous paraphernalia, sandwich bags, a marijuana pipe and grinder, and house-arrest paperwork.

¶5. On October 15, 2012, Jones was charged in a multi-count indictment. However, on February 26, 2013, Jones entered a plea of guilty to one count of possession of cocaine as a habitual offender. The circuit court sentenced Jones to serve twelve years, day for day, in the custody of the MDOC. On April 3, 2013, Jones filed a PCR motion pro se, which was denied by the circuit court. Aggrieved, Jones appeals.

## STANDARD OF REVIEW

¶6. This Court will not reverse a circuit court's denial of PCR absent a finding that the circuit court's decision was clearly erroneous. *Byrom v. State*, 978 So. 2d 689, 690 (¶5) (Miss. Ct. App. 2008). However, the proper standard for issues of law is de novo. *Id*.

## DISCUSSION

### I. Whether Jones was properly sentenced as a habitual offender.

¶7. Jones argues that the State failed to follow proper procedures in determining his habitual-offender status, which resulted in his being denied due process of law. He claims that the State failed to enter a certified copy of an MDOC penitentiary packet (pen-pack) to show that Jones was eligible for sentence enhancements.

¶8. "In cases involving enhanced punishment for subsequent offenses under state statutes, . . . [i]f the defendant is convicted or enters a plea of guilty on the principal charge, a hearing before the court without a jury will then be conducted on the previous convictions." URCCC

11.03(3). In order for a defendant to be sentenced as a habitual offender, "[a]ll that is required is that the accused be properly indicted as [a] habitual offender, that the prosecution prove the prior offenses by competent evidence, and that the defendant be given a reasonable opportunity to challenge the prosecution's proof." *Middleton v. State*, 49 So. 3d 161, 163 (¶5) (Miss. Ct. App. 2010) (citation omitted). This Court has held that a certified copy of the judgment of conviction, a certified copy of a pen-pack showing a defendant's prior sentences, and a defendant's in-court admission of a prior felony conviction are all sufficient to support a finding of habitual-offender status. *Short v. State*, 929 So. 2d 420, 426 (¶16) (Miss. Ct. App. 2006). Furthermore, when the defendant chooses to enter a plea of guilty, "he or she waives the right that the prosecution must prove the prior offense(s) beyond a reasonable doubt." *Joiner v. State*, 32 So. 3d 542, 544 (¶12) (Miss. Ct. App. 2010).

¶9. On February 25, 2013, a hearing was held in the circuit court in which the State moved to amend the indictment to reflect Jones's habitual-offender status. During the hearing, the State proved Jones's prior convictions by entering a certified copy of a pen-pack into evidence, which included certified copies of Jones's previous indictments, sentencing orders, MDOC sentence computations, commitments, social-admission released documents, photographs, and fingerprint cards. Jones was given the opportunity to challenge the prior convictions, and his only objection was to the timeliness of the State's motion, which was correctly overruled. In addition to the pen-pack, during Jones's guilty plea, the circuit court asked Jones if he had been convicted of a prior felony, and he confirmed that he had been convicted of a prior drug charge and a prior burglary. Based on the foregoing, we disagree

4

with Jones that he was denied due process of law. This issue is without merit.

## II. Whether Jones was subjected to multiple punishments for the same offense.

¶10. Next, Jones argues that he was illegally sentenced under two separate sentence enhancements, resulting in cumulative punishment. Jones claims that his sentence was improperly enhanced under Mississippi Code Annotated section 41-29-147 (Rev. 2013) as a second or subsequent drug offender and also under Mississippi Code Annotated section 99-19-81 (Supp. 2014) as a habitual offender. He also asserts that he was subject to double jeopardy.

¶11. "Prior convictions which are constitutionally valid in and of themselves may appropriately be used to enhance punishment for subsequent convictions." *Stewart v. State*, 67 So. 3d 829, 833 (¶17) (Miss. Ct. App. 2011). During his plea hearing, Jones admitted that he had been convicted of two felonies, including a prior drug conviction. Hence, the circuit court's use of Jones's prior convictions for enhancement purposes was proper. Double jeopardy only "applies to successive prosecutions for the same criminal offense." *Id*. at (¶16) (citing *White v. State*, 702 So. 2d 107, 109 (¶ 10) (Miss. 1997)). Jones fails to offer any evidence showing that he has been subjected to successive prosecutions for the same criminal offense. This issue is also without merit.

## III. Whether Jones waived any unlawful search and seizure claim by pleading guilty.

¶12. Prior to Jones entering his guilty plea, he filed a motion to suppress the drug evidence that was seized during the execution of the search warrant. In his motion, Jones argued that

the evidence seized was the product of an illegal search and seizure. The circuit court conducted a suppression hearing on February 25, 2013, and denied the motion. The next day, Jones pleaded guilty to possession of cocaine.

¶13. "[I]t is well settled that a valid guilty plea waives the defendant's right to make certain constitutional challenges, including those [relating to search and seizure]." *Bailey v. State*, 19 So. 3d 828, 830 (¶9) (Miss. Ct. App. 2009) (citation omitted). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of his constitutional rights that occurred prior to the entry of the guilty plea." *Id*.

¶14. We find that by pleading guilty, Jones waived any claim involving an unlawful search and seizure. This issue is also without merit.

**IV.    Whether Jones received effective assistance of counsel.**

¶15. Jones's final argument is that he received ineffective assistance of counsel at his suppression hearing and again at his sentencing. When evaluating a claim of ineffective assistance of counsel, this Court utilizes the test established in the case of *Strickland v. Washington*, 466 U.S. 668, 686 (1984). *Hall v. State*, 735 So. 2d 1124, 1126 (¶5) (Miss. Ct. App. 1999) (citing *Wiley v. State*, 517 So. 2d 1373, 1377 (Miss. 1987)). Giving deference to the attorney's performance, we consider the totality of the circumstances and "determine whether counsel's actions were both deficient and prejudicial." *Id*. at 1126-27 (¶5) (citing *Conner v. State*, 684 So. 2d 608, 610 (Miss. 1996)). When a guilty plea has been entered, the movant must show that "there is a reasonable probability that, but for [his] counsel's

6

errors, [he] would not have pleaded guilty, would have insisted on going to trial, and the outcome would have been different." *McBride v. State*, 108 So. 3d 977, 980 (¶11) (Miss. Ct. App. 2012) (citation omitted).

## A. Suppression Hearing

¶16. Jones claims that he received ineffective assistance of counsel at his suppression hearing because his "counsel's performance, or lack thereof, prevented Jones from having his [search-and-seizure] claim from being fully and fairly litigated." Specifically, Jones takes issue with the fact that the CI was not identified, the CI did not testify at the hearing, and the audio tape was not played. Jones argues that had the evidence collected during the police search been suppressed and his attorney insisted that he stand trial, he would have had a more favorable outcome.

¶17. At the suppression hearing, Detective Stachura testified that he had known Jones for about five years and that Jones had "a very deep distinct voice." He further testified that he had known the CI and worked with him on prior occasions. Detective Stachura listened to the audio of the transaction as it was taking place and recognized Jones's voice. We find that there was substantial evidence from Detective Stachura's testimony that the person he heard on the audio was, in fact, Jones, and the substance the CI purchased from Jones in the controlled buy tested positive as cocaine. We further find that proper procedure was followed in obtaining and executing the search warrant. Jones fails to show that the motion to suppress was denied because his counsel's performance was deficient. This issue is without merit.

### B.    Sentencing

¶18.    Jones also claims that he received ineffective assistance of counsel at his sentencing, and that it resulted in him receiving a longer sentence.  Jones also claims that his pen-packs were not introduced into evidence at the sentencing hearing.

¶19.    First, upon review of the evidence, we find that the pen-packs were properly admitted into evidence at a hearing to amend the indictment against Jones to reflect his status as a habitual offender.  Next, we look to the transcript of the plea hearing.  At the hearing, the circuit judge asked Jones if he was satisfied with his attorney, and Jones replied that he was.  With regard to the length of the sentence he received, we look to the following exchange made during the hearing:

> The Court:    In this case . . . you're charged with possession of a controlled substance under the enhancement statute and the habitual offender statute.  This is originally a two to eight year imprisonment sentence, but because of the enhancement it is a four years to sixteen years possible incarceration if you plead guilty, plus a fine of zero to $100,000.  Do you understand that?
>
> Jones:    Yes, sir.
>
> The Court:    And you understand that if you plead guilty I can sentence you between four and sixteen years?
>
> Jones:    Yes, sir.
>
> The Court:    And whatever sentence I give you will have to be served day-for-day.  Do you understand?
>
> Jones:    Yes, sir.

¶20.    "It is appropriate for a circuit court to place great weight on statements made during guilty plea hearings, as there should be a strong presumption of [the] validity of anyone's

statement under oath." *Argol v. State*, 155 So. 3d 848, 855 (¶21) (Miss. Ct. App. 2013). Jones was free to answer the questions that were asked of him by the court in the manner he deemed appropriate, and his answers were taken at face value. Although Jones was ordered to serve twelve years in the custody of the MDOC, he was clearly informed that he was potentially facing a sixteen-year sentence, which he said that he understood. Once again, we find that Jones failed to demonstrate how his counsel was deficient during the sentencing. These issues are without merit.

¶21. **THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HARRISON COUNTY.**

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., CARLTON, MAXWELL, FAIR, JAMES AND WILSON, JJ., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**